PER CURIAM.
The State Attorneys of Florida petition this Court to consider proposed amendments to Florida Rule of Juvenile Procedure 8.180 pursuant to Florida Rule of Judicial Administration 2.130. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The rule change proposed by the state attorneys is intended to conform the procedures for dismissal for failure to abide by the speedy trial rule with those of Florida Rule of Criminal Procedure 3.191 as that rule applies to felonies. The intended effect of the amendment is to repeal the remedy of automatic discharge in juvenile cases by including a notice provision. We hereby adopt rule 8.180 as amended.
Appended to this opinion is the amended Florida Rule of Juvenile Procedure 8.180. Deletions are indicated by use of struck-through type and new language is indicated by underscoring. All rules and statutes in conflict with the following rule are hereby superceded as of the effective date of these rules. These amendments shall become effective January 1, 1989, at 12:01 a.m.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
F. TIME OF PROCEEDINGS
RULE 8.180. Speedy Trial
(a)Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If an adjudicatory hearing has not commenced within ninety (90) days, upon motion timely filed with the court and served upon the prosecuting attorney, the petition shall be dismissed with prejudice, provided, respondent shall be entitled to the appropriate remedy as set forth in section (j) below. The court before granting such motion shall make the required inquiry under subsection (d) of this rule.
(c) Commencement. A child shall be deemed to have been brought to trial if the adjudicatory hearing begins before the judge within the time provided.
(d) Motion to Dismiss. If the adjudicatory hearing is not commenced within the periods of time established, a motion.to dismiss shall be granted by the court, respondent shall be entitled to the appropriate remedy as set forth in section (j) below unless
(1) The child has voluntarily waived his right to speedy trial;
(2) An extension of time has been ordered under (e); or
(3) The failure to hold an adjudicatory hearing is attributable to the child, a co-respondent in the same adjudicatory hearing, or their counsel; or
(4) The child was unavailable for the adjudicatory hearing. A child is unavailable if:
(i) The child or his counsel fails to attend a proceeding when their presence is required; or
(ii) The child or his counsel is not ready for the adjudicatory hearing on the date it is scheduled. No presumption of non-availability attaches, but if the state objects to dismissal and presents any evidence tending to show non-availability, the child must, by competent proof, establish availability during the term.
(5) The demand referred to in section (f) is invalid.
(6) If the court finds dismissal is not appropriate, the pending motion to dismiss shall be denied, and an adjudicatory hearing shall commence within ninety (90) days of a written or recorded order of denial.
*1274 (e) Extension of Time. The period of time established by (a) may be extended as follows:
(1) Stipulation. Upon stipulation, announced to the court or signed by the child or his counsel and the state.
(2) Exceptional Circumstances. By written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances. The order extending the period shall recite the reasons for the extension and the length of the extension. Exceptional circumstances are those which require an extension as a matter of substantial justice to the child or the state or both. Such circumstances include:
(i) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(ii) a showing by the state that the case is so unusual and so complex, due to the number of respondents or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;
(iii) a showing by the state that specific evidence or testimony is not available, despite diligent efforts to secure it, but will become available at a later time;
(iv) a showing by the child or the state of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial;
(v) a showing that a delay is necessary to accommodate a co-respondent, where there is a reason not to sever the cases in order to proceed promptly with trial of the respondent;
(vi) a showing by the state that the child has caused major delay or disruption of preparation or proceedings, as by preventing the attendance of witnesses or otherwise;
(vii) exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
(3)By written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including, but not limited to, an examination and hearing to determine the mental competency or physical ability of the respondent to stand trial for hearings or pretrial motions, for appeals by the state, and for adjudicatory hearings of other pending charges against the child.
(f) Speedy Trial Upon Demand.
(1) If the- ehild-has waived his right to Speedy-Trial under-(d) he-shall, by written-demand-filed-with the court and upon service upon-the prosecuting attorney, be brought to an adjudicatory-hearing within sixty (60) days of filing the-demand,
(2) A child-charged by a-petitioa alleging a delinquent act shall-be brought to an adjudicatory-hearing within sixty (60) days of filing a written demand w-ith the court and service upon the prosecuting attorney.
Except as otherwise provided by this rule and subject to the limitations imposed by section (g) the child shall have the right to demand a trial within sixty (60) days, by written demand for speedy trial filed with the court and serving upon the prosecuting attorney.
(1) No later than five (5) days from the filing of a demand for speedy trial, the court shall set the matter for report, with notice to all parties, for the express purpose of announcing in open court, receipt of the demand and of setting the case for trial.
(2) At the report the court shall set the case for trial to commence at a date no less than five (5) days nor more than forty-five (45) days from that date of the report.
(3) The failure of the court to hold such a report date on a demand which has been properly filed shall not interrupt the running of any time periods under this section.
(4) In the event that the child shall not have been brought to trial within fifty (50) days of the filing of the demand, the *1275 child shall have the right to the appropriate remedy as set forth in section (j) below.
(g) Demand for Speedy Trial; Effect. A demand for speedy trial shall be deemed a pleading by the respondent that he is available for the adjudicatory hearing, has diligently investigated his case, and that he is prepared or will be prepared for the adjudicatory hearing within five (5) days. A demand may not be withdrawn by the child, except on order of the court, with consent of the state or on good cause shown. Good cause for continuance or delay on behalf of the accused shall not thereafter include nonreadiness for the adjudicatory hearing, except as to matters which may arise after the demand for the adjudicatory hearing is filed and which could not reasonably have been anticipated by the accused or his counsel.
(h) Dismissal after Demand. If an adjudicatory hearing has not commenced within sixty (6Q) fifty (50) days after a demand for speedy trial, upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney, the child shall forever — be-dismissed from the delinquent act have the right to the appropriate remedy as set forth in section (j) below; provided the court before granting such motion shall make has made the required inquiry under (d).
(i) Effect of Mistrial, Appeal, or Order of New Trial. A child who is to be tried again or whose adjudicatory hearing has been delayed by an appeal by the state or the respondent, shall be brought to trial within ninety (90) days from the date of the declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, or the date of receipt by the trial court of a mandate, order or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the respondent, whichever is last. If the child is not brought to trial within the prescribed time periods, the child shall be entitled to the appropriate remedy as set forth in section (j) below.
(j)Remedy for Failure to Try Respondent within the Specified Time.
(1) No remedy shall be granted to any respondent under this Rule until the court shall have made the required inquiry under section (d).
(2) The respondent may, at any time after the expiration of the prescribed time period, file a motion for discharge.
(3) No later than five (5) days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d) exists, shall order that the respondent be brought to trial within ten (10) days. If the respondent is not brought to trial within the ten (10) day period through no fault of the respondent, the respondent shall be forever discharged from the crime.