603 So.2d 1167 (1992)
R.J.A., a child, et al., Petitioners,
v.
Florence FOSTER, Judge, etc., et al., Respondents.
No. 79296.
Supreme Court of Florida.
June 4, 1992.
Rehearing Denied September 23, 1992.
*1168 John M. Selden, Sp. Asst. Public Defender, Thirteenth Judicial Circuit, Tampa, for petitioners.
Robert A. Butterworth, Atty. Gen. and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondents.
OVERTON, Justice.
This cause is before this Court on the question of whether the legislature, by its enactment of section 39.048, Florida Statutes (1991), granted juveniles an absolute substantive right to be tried within ninety days, which would overrule our juvenile speedy trial rule[1] that allows the state an additional ten-day window to try cases that do not come within the ninety-day period. This case concerns twenty juveniles who have twenty-three cases in delinquency that were scheduled for adjudicatory hearings beyond the ninety-day period from the date they were taken into custody or from when a petition in delinquency was filed. The trial courts did not compute speedy trial time before setting the adjudicatory hearings and neither the prosecution nor the juveniles sought extensions before the speedy trial time expired. Before the adjudicatory hearings took place, the juveniles filed motions to dismiss the petitions with prejudice, asserting that they were entitled to a dismissal under the provisions of section 39.048(7), Florida Statutes (1991). The trial court rejected the juveniles' assertions that a substantive right existed under the statute and allowed the state to proceed with the delinquency proceedings. The trial court stayed the proceedings, however, after the juveniles sought writs of prohibition in the Second District Court of Appeal. The Second District Court of Appeal certified that these orders by the trial court were of great public importance and had a great effect on the proper administration of justice throughout the state, certifying that they required immediate resolution by this Court. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
The statutory provisions at issue in this proceeding are as follows:
39.048 Petition. 
(1) All proceedings seeking a finding that a child has committed a delinquent act or violation of law shall be initiated by the state by the filing of a petition for delinquency by the state attorney.
... .
(6) On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it is not filed within 45 days after the date the child is taken into custody. The court may grant an extension of time not exceeding an additional 15 days for cause, upon motion by the state attorney.
(7)(a) If a petition has been filed alleging that a child has committed a delinquent act or violation of law, and no demand for speedy trial has been made pursuant to paragraph (d), the adjudicatory hearing on the petition must be commenced within 90 days after the earlier of:
1. The date the child is taken into custody; or
2. The date the petition is filed.
(b) A child shall be deemed to have been brought to trial if the adjudicatory hearing begins before the judge within the time provided. If the adjudicatory hearing is not commenced within 90 days or an extension thereof as hereinafter provided, the petition shall be dismissed with prejudice.

(c) The court may extend the period of time prescribed in paragraph (a) on motion of any party, after hearing, on a finding of cause or that the interest of the child will be served by such extension. The order extending such period shall state the reasons therefor. The *1169 general congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays are not sufficient cause for such extension.
§ 39.048, Fla. Stat. (1991) (footnote omitted) (emphasis added). The speedy trial rule for juveniles is set forth in rule 8.090, Florida Rules of Juvenile Procedure, which reads, in part, as follows:
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If an adjudicatory hearing has not commenced within 90 days, upon motion timely filed with the court and served upon the prosecuting attorney, the respondent shall be entitled to the appropriate remedy as set forth in subdivision (j). The court before granting such motion shall make the required inquiry under subdivision (d).
... .
(j) Remedy for Failure to Try Respondent Within the Specified Time.
(1) No remedy shall be granted to any respondent under this rule until the court shall have made the required inquiry under subdivision (d).
(2) The respondent may, at any time after the expiration of the prescribed time period, file a motion for discharge. Upon filing the motion the respondent shall simultaneously file a notice of hearing. The motion for discharge and its notice of hearing shall be served upon the prosecuting attorney.
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.

(Emphasis added.)
Petitioners argue that section 39.048(7), which provides in mandatory language that the remedy for failing to bring a case to trial within the ninety-day period is dismissal with prejudice, is controlling and overrules our rule 8.090(j), Florida Rules of Juvenile Procedure,[2] which contains a ten-day savings window, because the legislative act establishes a substantive right and, consequently, we have no authority to adopt a procedural rule with the provisions of rule 8.090(j).
A partial historical review of the right to a speedy trial and implementing rules of this Court is necessary to address the responsibilities of the legislature and this Court in the speedy trial process. In State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971), we made clear that this Court had the constitutional authority to adopt speedy trial time periods as a procedural rule. In vacating a holding that our speedy trial rule was unconstitutional because it was substantive and not procedural, we stated:
The questioned rule merely provides the procedures through which the constitutional right to a speedy trial is enforced in this state, and, as such, is a proper exercise of the Court's constitutional power to promulgate rules of practice and procedure. See State v. Garcia, 229 So.2d 236, 238 (Fla. 1969), where the Court discusses "substantive law" and "procedural law." The rule does not violate the Constitution, but is in full accord with its provisions.
Id. at 208. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court effectively approved our Baker decision through an explanation of the constitutional right to a *1170 speedy trial and the procedural rules necessary to implement that constitutional provision. The Court stated:

The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused. In addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused.
Id. at 519, 92 S.Ct. at 2186 (emphasis added). The Court continued:
As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened, sometimes seriously so. And it is the prosecution which carries the burden of proof. Thus, unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself.

Id. at 521, 92 S.Ct. at 2187 (emphasis added). The United States Supreme Court also emphasized the difference and significance of the remedy for this right, stating:
The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial... .
Id. at 522, 92 S.Ct. at 2188. The Court explained that because of the numerous factors involved, the trial court must be given judicial discretion to determine if the right has been violated based on the circumstances of the case, including the application of any "formal procedural rule." Id. at 529, 92 S.Ct. at 2191. The Court then explained the manner in which the right to a speedy trial should be applied, identifying factors that should be assessed to determine whether there has been a deprivation of the right to a speedy trial:
[W]e identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.
The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.
Id. at 530, 92 S.Ct. at 2192 (footnote omitted) (emphasis added).
We should note that the United States Supreme Court in Wingo expressly rejected the establishment of a specified time period, stating: "We do not establish procedural rules for the States, except when mandated by the Constitution. We find no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." Id. at 523, 92 S.Ct. at 2188 (emphasis added). Our speedy trial rules and their case law interpretation have implemented the principles set forth in Wingo and the American Bar Association's Standards for Criminal Justice. American Bar Ass'n Standards for Criminal Justice 11-5.1, 12-2.1 (1978); see also id. 12-2.1 commentary at 12.15 (noting that the United States Supreme Court held in Wingo that "an approach to speedy trial based on a rigid length of time is not constitutional").
With regard to juveniles accused of committing crimes, our constitution expressly authorizes the legislature to establish separate proceedings for juvenile delinquents under the provisions of article I, section 15(b), which provides:
When authorized by law, a child as therein defined may be charged with a violation of law as an act of delinquency instead of crime and tried without a jury or other requirements applicable to criminal cases. Any child so charged shall, upon demand made as provided by law before a trial in a juvenile proceeding, be tried in an appropriate court as an adult. *1171 A child found delinquent shall be disciplined as provided by law.
Art. I, § 15(b), Fla. Const. Chapter 39 creates this separate proceeding for the disciplining of juveniles distinct from our criminal law and procedure.
Petitioners assert that the statute is a substantive right flowing from the constitutional authority for a separate statutory proceeding. They argue that the ten-day window added in our amendment to rule 8.180, Florida Rules of Juvenile Procedure, In re Amendments to Florida Rule of Juvenile Procedure 8.180 (Speedy Trial), 536 So.2d 199 (Fla. 1988), constitutes a violation of the separation of powers provision of article II, section 3, of the Florida Constitution because it conflicts with section 39.048(7), Florida Statutes (1991). Petitioners assert that our rule operates to deprive juvenile defendants of a substantive right afforded by the legislature under the provisions of section 39.048(7) by extending the time to try juveniles beyond the ninety-day statutory period. They also argue that since we held that section 39.048(6), which established a specific period within which a petition for delinquency must be filed, is substantive, that section 39.048(7), concerning the speedy trial period, also is substantive. We disagree.
We find that the time period formally set forth in a statute or rule does not establish absolute per se prejudice but, as expressed in Wingo, the time period is a "a triggering mechanism" which establishes that the delay is presumptively prejudicial.[3] Failing to try a defendant within a specified period of time clearly "does not per se prejudice the accused's ability to defend himself." Wingo, 407 U.S. at 521, 92 S.Ct. at 2187. As explained in Wingo, until such a violation occurs, there is no need to inquire into the other factors of the reason for the delay, the defendant's assertion of his or her right to trial, and the prejudice to the defendant. Petitioners take the position that the legislature, by section 39.048(7), established an absolute, rigid time period, which results in the application of a remedy more serious than the exclusionary rule without any inquiry into other factors, including how the delinquent has been prejudiced. We do not believe that the legislature intended by its enactment of section 39.048(7) to establish a much greater right to a speedy trial than is granted by the constitution by making the violation of a statutorily enacted time period per se prejudicial. We do believe that the legislature intended to establish a "triggering mechanism," which establishes presumptive prejudice and requires consideration of the other factors. The United States Supreme Court in Wingo, when referring to the establishment of time periods for a speedy trial, stated that "[w]e do not establish procedural rules for the States, except when mandated by the Constitution." Id. at 523, 92 S.Ct. at 2188 (emphasis added). Because the time period is the triggering mechanism, we conclude that it is procedural in nature and, consequently, our rule of procedure takes precedence over the legislative enactment. We have the authority to establish proper procedures for juvenile proceedings to implement constitutional rights. Department of Health & Rehab. Servs. v. Golden, 350 So.2d 344 (Fla. 1976).
We further reject petitioners' argument that because we found that the period for filing a delinquency petition under section 39.048(6) is substantive, the time period for commencing the hearing under section 39.048(7)(b) is also substantive. When a lawsuit must be filed is, in our view, substantive; how it is to be tried in an *1172 orderly manner is procedural. See Benyard v. Wainwright, 322 So.2d 473, 475 (Fla. 1975) ("Substantive law prescribes the duties and rights under our system of government... . Procedural law concerns the means and method to apply and enforce those duties and rights.") In this instance, how a lawsuit is to be tried can be controlled by a constitutional provision, but the time period is a triggering mechanism and not an absolute right. We do not believe the legislature intended such a major change in juvenile rights when it enacted that provision but only desired it to be utilized in the same manner as these time periods have been utilized in implementing speedy trial rights in both this state and other jurisdictions throughout the country.
In reaching this decision, we believe it is also important to emphasize that, unlike other rights, the right to a speedy trial is not a per se right. As expressed by Justice Powell, "deprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself... . [T]he right to speedy trial is a more vague concept than other procedural rights." Wingo, 407 U.S. at 521, 92 S.Ct. at 2187.
For the reasons expressed, the petitions for writs of prohibition are denied.
It is so ordered.
McDONALD, GRIMES and HARDING, JJ., concur.
BARKETT, J., dissents with an opinion, in which SHAW, C.J. and KOGAN, J., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, J., concurs.
BARKETT, Justice, dissenting.
I dissent because in my opinion the 90-day speedy trial statute, section 39.048(7), Florida Statutes (1991), enacted by the legislature pursuant to its constitutional grant of authority over juvenile proceedings in article I, section 15(b), is substantive and therefore supersedes this Court's rule-making authority.
In Benyard v. Wainwright, 322 So.2d 473, 475 (Fla. 1975), this Court, per Justice Overton, examined the distinction between "substance" and "procedure":
Substantive law prescribes the duties and rights under our system of government. The responsibility to make substantive law is in the legislature within the limits of the state and federal constitutions. Procedural law concerns the means and method to apply and enforce those duties and rights. Procedural rules concerning the judicial branch are the responsibility of this Court, subject to repeal by the legislature in accordance with our constitutional provisions.
Today's majority, per Justice Overton, condenses this distinction into the following rule:

When a lawsuit must be filed is, in our view, substantive; how it is to be tried in an orderly manner is procedural.
Majority op. at 1171. After reciting this rule, however, the majority wholly fails to apply it, and merely asserts, without analysis or explanation, that section 39.048(7) is "procedural." Such a conclusion is baffling in light of the stated rule. It seems obvious that a statute which sets a time limit for the trial of an action is a "when" question, not a "how" question.
Like statutes of limitation, which define when an action must be commenced, section 39.048 defines when a lawsuit must be commenced and tried. See, e.g., § 95.11, Fla. Stat. (1991) (setting time limitations on various civil actions). This Court has previously held that statutes of limitations create substantive rights that cannot be abrogated by rules of procedure. See Lundstrom v. Lyon, 86 So.2d 771, 772 (Fla. 1956). Section 39.048(7) operates exactly like a statute of limitations. For example, under section 95.11(3)(a), Florida Statutes (1991), an action for negligence "shall be barred" unless it is filed within four years from the date of the last element constituting the tort. Id.; § 95.11 (emphasis added). In similarly mandatory language, section 39.048 provides:
(7)(a) If a petition has been filed alleging that a child has committed a delinquent act or violation of law, ... the *1173 adjudicatory hearing on the petition must be commenced within 90 days... .
... .
(b) ... If the adjudicatory hearing is not commenced within 90 days ... the petition shall be dismissed with prejudice.
(Emphasis added.)
The majority wants us to believe that section 39.048(7) does not create an absolute, substantive right for juveniles to be brought to trial within 90 days or to have the charges dismissed. However, the majority ignores the clear and obligatory language of the statute and does not even attempt to justify its conclusion.
The majority's failing is its reliance on the unstated premise that the 90-day speedy trial limit for juveniles is merely a restatement of the generic constitutional right to a speedy trial. Clearly it is not. The constitutional speedy trial guarantee stems from article I, section 16 of the Florida Constitution: "In all criminal prosecutions the accused shall, upon demand, ... have the right ... to have a speedy and public trial." In the case of adult criminal prosecutions, rather than establishing specific time periods to implement this protection, which the legislature could clearly do, it chose to provide that this Court "shall, ... provide procedures through which the right to a speedy trial as guaranteed by ... s. 16, Art. I of the State Constitution, shall be realized." § 918.015(2), Fla. Stat. (1991).[4] Thus, in the case of adult criminal prosecutions, there is no statute that sets specific speedy trial time limits. In contrast, in the case of juveniles, the legislature specifically chose to exercise its prerogative to set time limits for the filing and hearing of delinquency matters.
Under section 39.048(7) juveniles alleged to have committed delinquent acts have the right to have a petition dismissed if the adjudicatory hearing on that petition is not begun within 90 days. In other words, the 90-day limit is the right  it is not a "means" or "method" of enforcing a right. Unfortunately, it seems that the majority merely labels the 90-day rule "procedural" as a shorthand way of achieving its desired result.
Finally, I am forced to remark on the majority's confusing and misplaced reliance on Barker v. Wingo.[5] Majority op. at 1169-1170, 1171-1172. Wingo has nothing whatsoever to do with the issue presented here. Wingo involved the United States Supreme Court's interpretation of the Sixth Amendment right to a speedy trial. The Court in Wingo refused to quantify that right in terms of a specific number of days. 407 U.S. at 522-23, 528-30, 92 S.Ct. at 2187-88, 2191-92. However, the Court made clear that "[t]he States, of course, are free to prescribe a reasonable period consistent with constitutional standards." Id. at 523, 92 S.Ct. at 2188. This is precisely what the Florida legislature has done. When the State of Florida has exercised its prerogative under Wingo and the federal and state constitutions by specifically delineating the individual rights of its citizens, this Court is without power to deprive individuals of those rights.
Accordingly, I would find that the legislature's 90-day rule for delinquency hearings supersedes the Supreme Court's Rules of Juvenile Procedure in this case and afford minors their specific, substantive right to a speedy trial as expressly provided for by the legislature.
SHAW, C.J. and KOGAN, J., concur.
*1174 KOGAN, Justice, dissenting.
I fully concur in Justice Barkett's opinion. In addition, I note that the majority's application of the law cannot be reconciled with the definition of "substantive law" set forth in Justice McDonald's analysis in Haven Federal Savings & Loan Ass'n v. Kirian, 579 So.2d 730, 732 (Fla. 1991). There, the Court held without dissent that substantive law is the part of the law that creates, defines, and regulates rights, including those rules and principles that fix and declare the primary rights of individuals with respect to their persons and property. Id. The right not to be coercively detained by the state self-evidently affects the primary rights of individuals with respect to their persons. In other words, any liberty interest is substantive.
For the same reasons noted by Justice Barkett, I fail to see how the statute at issue here is anything but "substantive" within the meaning of Haven Federal. Through section 39.048, the legislature plainly and unmistakably has declared that juveniles have a right to be released from custody and the state's petition dismissed with prejudice unless an adjudicatory hearing is held within ninety days. There is no equivocation in this language. It expressly creates a liberty interest afforded juvenile detainees.
This is entirely different than the adult speedy trial context where, as Justice Barkett notes, the legislature simply has deferred to judicial interpretation of article I, section 16. Here, by contrast, the legislature has exercised its broad constitutional powers over juvenile proceedings, art. I, § 15(b), to create a specific, precisely defined liberty interest once the ninety-day period is exceeded.
Thus, the statute is directly analogous to other rules of law that operate to preclude a prosecution and require release from detention if the state does not observe certain minimum requirements. These include the prohibition against double jeopardy; the standards imposed by due process; or, as Justice Barkett correctly notes, statutes of limitation. All of these clearly are substantive in nature. All affect the liberty interests of detainees. So does the statute at issue here. I thus cannot conceive how the statute is procedural. In simple terms, a rule of court cannot be used to annul a liberty interest plainly and expressly created by statute.
Finally, in attempting to reach its result, the majority opinion ignores fundamental constitutional rights and limitations. By broadening the statute beyond its plain meaning, the majority not only indulges in an act of judicial legislation, contra art. II, § 3, Fla. Const., but also fails to honor the due-process requirement that penal statutes must be strictly construed. Art. I, § 9, Fla. Const.; Perkins v. State, 576 So.2d 1310 (Fla. 1991). Nothing in the statute states, suggests, or even hints that the ninety-day cutoff is only "`a triggering mechanism' which establishes that the delay is presumptively prejudicial." Majority op. at 9. To the contrary, the statute says that the petition "shall be dismissed with prejudice" if the ninety-day limit is surpassed. § 39.048(6), Fla. Stat. (1991) (emphasis added).
In an effort to justify this violation of the nondelegation doctrine and due process, the majority cites no more persuasive authority than its own subjective "belief" about what the legislature intended. No legislative reports, analyses, or statements of intent are noted. No historical studies are given. No contemporaneous law review articles are discussed. Indeed, there is no citation to any authority of any kind. The conclusion is inescapable that the majority presents no objective reason for its "beliefs." In essence, the subjective opinions of the majority are displacing not merely the plain language of the statute, but the constitutional constraints imposed upon this Court by due process and the nondelegation doctrine. Art. I, § 9; art. II, § 3, Fla. Const.
Indeed, the majority has completely inverted the traditional rule that constitutions prevail over statutes, and statutes prevail over the substantive aspects of court rules. Under the majority's logic, the rule supersedes both the statute and the constitution. This is an unacceptable *1175 result, since it implies that this Court through its rule-making procedure can nullify the organic law approved by this state's citizens and the statutes approved by the citizens' elected representatives.
I respectfully dissent.
BARKETT, J., concurs.
NOTES
[1] The briefs cite to rule 8.180(j), Florida Rules of Juvenile Procedure, which was renumbered in July, 1991, as rule 8.090. In re Petition of The Fla. Bar to Amend Fla. Rules of Juvenile Procedure, 589 So.2d 818, 828 (Fla. 1991). No substantive changes were made when the rule was renumbered.
[2] Petitioners cite to Florida Rule of Juvenile Procedure 8.180(j) in their brief. We cite to the rule as renumbered in 1991.
[3] The factual circumstances in Wingo are instructive to illustrate that a delay in bringing a defendant to trial constitutes presumptive, not absolute, prejudice. In Wingo, more than five years elapsed between the defendant's arrest and trial. Although the Court found this delay "extraordinary," it did not find that the delay established absolute prejudice. Instead, the Court inquired further and found that the prejudice to the defendant was minimal because there was no claim that defense witnesses died or were not available because of the delay. In addition, the defendant did not ask for a speedy trial. The Court held that "barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates ... that the defendant did not want a speedy trial." Wingo, 407 U.S. at 536, 92 S.Ct. at 2195.
[4] Pursuant to this statute, the Supreme Court promulgated Florida Rule of Criminal Procedure 3.191(i), establishing virtually the identical remedy for a violation of the speedy trial guarantee for adults, including a 10-day-window provision, as would later be found in Rule 8.090(j) for juveniles. Compare Fla.R.Crim.P. 3.191(i) with Fla.R.Juv.P. 8.090(j). Indeed, it would appear that the speedy trial provision found in the juvenile rules was copied verbatim from the similar provision in the adult rules. See In re Amendments to Fla. Rule of Juvenile Procedure 8.180 (Speedy Trial), 532 So.2d 1272, 1273 (Fla.), revised, 536 So.2d 199, 199 (Fla. 1988) ("The rule change proposed by the state attorneys is intended to conform the procedures for dismissal for failure to abide by the speedy trial rule with those of Florida Rule of Criminal Procedure 3.191 as that rule applies to felonies.").
[5] 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).