I dissent. In this case, the State has done nothing wrong. It has acted properly and ethically, the statute of limitations has not run, and Agee has not shown that he has been prejudiced or that his constitutional right to a speedy trial has been violated. Even so, the majority has construed a procedural rule of this Court to allow the serious crime of attempted murder for which Agee has been charged to be totally discharged, principally because, when the time under our speedy trial rule expired in this case, Agee's victim was still comatose — comatose allegedly because of Agee's violent conduct.
In this case, sufficient evidence existed to establish probable cause necessary to support a valid arrest. Unfortunately, however, because Agee's victim remained in a coma, the victim could not testify concerning the circumstances of the crime. Moreover, the State had no medical opinion of when, if ever, the victim would recover, and no eyewitnesses were known to the State. Consequently, once Agee moved for a speedy trial, the State nol prossed this case because it believed it lacked sufficient evidence to proceed to trial. The fact that the victim eventually recovered and that two eyewitnesses subsequently became known to the State was not the result of a failure on the State's part to diligently investigate this crime. Regrettably, on these facts, the majority concludes that the State cannot recharge Agee for the offense at issue because the State violated the intent of Florida Rule of Criminal Procedure 3.191(h)(2) (1990) when it refiled the charges subsequent to entering a nolpros.
One of the purposes of rule 3.191 is to prevent the State from violating a defendant's right to a speedy trial through tactical maneuvers. Consequently, I agree that the State cannot enter anol pros to avoid the effect of that rule. However, I do not believe that a case should be dismissed under rule 3.191 when the State is able to show that such a nol pros was filed in good faith and was not necessitated due to any fault of the State's. This is especially true when, through no fault of the State, the victim is unable to testify, and the prosecutor is unable to determine, when, if ever, that victim will be available to testify to supply sufficient evidence necessary to convict the defendant as charged.
As we have previously determined, rule 3.191 is purely a procedural "triggering mechanism," the violation of which presumptively establishes prejudice. R.J.A. v. Foster, 603 So.2d 1167
(Fla. 1992). However, that presumption is rebuttable and, for good cause shown, the time in which speedy trial limits will run may be extended. Similarly, I believe the filing of anol pros by the State should also establish a rebuttable
presumption that the State filed the nol pros to avoid the effect of rule 3.191. When, as in the instant case, the unrefuted facts reflect that good cause existed for filing the nol pros,
I would find that the presumption has been rebutted and that the offense for which the defendant has been charged should not be discharged so long as the defendant is unable to show actual prejudice and is tried within the time remaining between the filing of the nol pros and the last day of the speedy trial time period.
The majority concludes that the State should not have filed thenol pros because, *Page 477 
even when the State is faced with missing witnesses or an unconscious victim, it has other available options. For example, the majority suggests that the State should either postpone arresting a suspect until it has an adequate case or, when charges have been filed as in the instant case, seek an extension for good cause.
The implementation of the first suggestion would entirely change our criminal justice structure. Clearly, the State need establish only probable cause that a suspect has committed a crime before making an arrest. Blanco v. State, 452 So.2d 520
(Fla. 1984) (the standard of conclusiveness and probability necessary for a valid arrest is less than that required to support a conviction), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); Shriner v. State, 386 So.2d 525
(Fla. 1980) (same), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981). Further, situations often arise where the need to make an arrest exists the moment probable cause is established, particularly when the offense is of a violent nature. The option of waiting to arrest until after sufficient evidence to convict has been obtained provides an opportunity for a defendant to leave the jurisdiction as well as to inflict additional harm on others. Consequently, this option is not viable under the circumstances of an attempted murder charge such as the one at issue here.
Neither is the second option viable in this case. When exceptional circumstances exist, the State may, under rule 3.191(f), seek an extension for good cause shown. However, that rule clearly reflects that, when a continuance is sought because of the unavailability of witnesses, the movant must advise the court as to when those witnesses will become available. Under the circumstances of this case, it was impossible for the State to show when, if ever, the victim would have been available to testify.
In this case, I believe the State chose the only ethical and proper course of action available to it when it filed the nolpros. The majority fails to recognize the ethical requirements of a prosecutor who finds that, through no fault of the State's, the victim is unable to testify and the prosecutor is unable to advise the court when, if ever, that victim can testify to provide sufficient evidence to support a conviction. Our procedural speedy trial rule should not be used to allow a defendant to escape culpability simply because that defendant injured the victim so badly that the victim is unable to testify during the speedy trial period. For these reasons, I dissent.