ANTOON, Judge.
The state appeals, contending that the trial court erred in dismissing the petition for delinquency against S.W. We agree and, therefore, reverse.
S.W. was charged by information filed October 14, 1994, alleging that he committed the felonies of burglary of a dwelling,[1] and grand theft[2]. He was subsequently arrested on November 1, 1994 and detained in the county jail.
For reasons not clear from the record, neither counsel nor the trial court knew that S.W. was fifteen years old and that his case was improperly pending in the felony division of the circuit court. However, when the trial court was notified that S.W. was a juvenile, this matter was promptly transferred to the juvenile division on January 27, 1995.
On February 6, 1995, the state filed a petition for delinquency. Two days later, S.W. filed a motion for dismissal and discharge. Following the February 10, 1995 hearing on the motion, the trial court dismissed the petition, finding that S.W. was *1021 “equitably entitled” to such relief because of the length of his pretrial confinement — 102 days. We conclude that such dismissal was improper.
Speedy trial rights in juvenile delinquency proceedings are provided by both statute[3] and rule of procedure.[4] Both the statute and the rule provide that a juvenile should be brought to adjudicatory hearing within ninety days of (1) the date that the child is taken into custody; or (2) the date that the delinquency petition is filed, whichever is earlier. However, the statute and the rule are not consistent with regard to the procedure following the ninety-day period. In this regard, the statute provides that if the adjudicatory hearing is not commenced within ninety days, “the petition shall be dismissed with prejudice.” In contrast, subsection (m) of the rule provides that, upon expiration of the ninety-day period, the juvenile may file a motion for discharge, creating a fifteen-day window in which the adjudicatory hearing must commence.[5] The trial court apparently relied upon the statute in dismissing S.W.’s petition for delinquency.
The conflict between the statute and the rule was discussed, and we believe resolved, in R.J.A. v. Foster, 603 So.2d 1167 (Fla.1992), wherein the supreme court ruled that the state’s failure to bring a juvenile to an adjudicatory hearing within ninety days does not create a per se entitlement to dismissal. Instead, such failure creates “a triggering mechanism,” indicating to the trial court that any delay beyond the ninety-day period may be prejudicial to the juvenile. Id. at 1171. The R.J.A. court also held that the fifteen-day window created by subsection (m) of the rule does not conflict with the statute. Id.
In the instant case, the initial hearing on S.W.’s motion for dismissal was conducted within five days of the filing of the motion. Instead of allowing the state ten days in which to commence the adjudicatory hearing, the trial court dismissed the petition. While we understand the trial court’s reasoning that equity compelled dismissal because of the extended period of S.W.’s pretrial detention, most of which was spent in an adult detention facility, we can find no basis in law which supports this result. In other words, there is no Florida statute or rule of procedure extending to the trial court the equitable power to order outright dismissal for failure to meet the ninety-day trial deadline, and, thus, the instant matter must be remanded for further proceedings.
REVERSED and REMANDED for further proceeding.
DAUKSCH and HARRIS, JJ., concur.

. § 810.02, Fla.Stat. (1993).

. § 812.014, Fla.Stat. (1993).

. Fla.RJuv.P. 8.090.

. The rule provides that the motion shall 'be heard within five days of its filing. If, at the hearing on the motion, the trial court determines that the juvenile is entitled to relief under the rule, an adjudicatory hearing must commence within ten days.