GLICKSTEIN, Judge.
Upon the filing of a petition for writ of prohibition, we issued an order to show cause. This cause is now before us upon the petition, the response to our order to show cause, and petitioner’s reply.
Petitioner was arrested for burglary on September 4, 1979. A petition was filed in' the Circuit Court of the Nineteenth Judicial Circuit, Juvenile Division, St. Lucie County, Florida, on October 28, 1979, charging petitioner with burglary of a dwelling. Petitioner was arraigned on December 3, 1979, at which time a plea of not guilty was entered, the public defender was appointed, and adjudication hearing was set for January 8, 1980.
On January 7, 1980, petitioner moved to dismiss the petition on the ground that petitioner’s adjudication hearing had not been held within ninety days of his arrest as required by Section 39.05(7), Florida Statutes (1979), which provides:
If a petition has been filed alleging a child to be delinquent, the adjudicatory hearing on the petition shall be commenced within 90 days of the earliest of the following dates:
1. The date the child was taken into custody.
2. The date the petition was filed. (b) If the adjudicatory hearing is not begun within 90 days or an extension thereof as hereinafter provided, the petition shall be dismissed with prejudice.
(c) The court may extend the period of time prescribed in paragraph (a) on motion of any party, after hearing, on a finding of good cause or that the interest of the child will be served by such extension. The order extending such period shall recite the reasons for such extension. The general congestion of the court’s docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute good cause for such extension.
Petitioner’s motion was denied as was his oral motion for rehearing, and the adjudicatory hearing was re-set for February 5, 1980. This petition followed.
The response to our order to show cause alleges there was no objection by defense counsel to the setting of the adjudicatory hearing more than ninety days after petitioner’s arrest. Petitioner alleges in his reply:
The following exchange took place before the trial court on December 3, 1979, the date the Petitioner, A. F., was arraigned:
Assistant Public Defender: My client, A.F., is charged with Burglary of a Dwelling. At this time I enter a plea of not guilty and request a trial in this matter.
The Court: Okay that will be set for January 8, 1980. Be sure you keep the appointment with the Public Defender. She will write you a letter . (unintelligible) .
A short exchange followed between the juvenile’s mother and the Court and the next case was called. Defense counsel did not make any statements at all concerning the trial date. ....
We accept the representations made in the response and reply as accurate and decide accordingly.
The facts appear to be governed by the decision in State v. Ansley, 349 So.2d 837, 839 (Fla. 1st DCA 1977), cert. den. 359 So.2d 1220 (Fla.1978), wherein the court held:
We hold that mere silence alone on the part of the defendant or his counsel at a proceeding in which the defendant’s trial date is set beyond the speedy trial period is not a waiver pursuant to Fla.R.Crim.P. 3.191(d)(2)(i).
See also, Stuart v. State, 360 So.2d 406 (Fla.1978).
There being no extension of time granted the state pursuant to Section 39.05(7)(c), *759 Florida Statutes (1979), the petition should have been dismissed with prejudice.
We have considered respondent’s argument that petitioner’s motion was filed more than seven (7) days after arraignment contrary to the trial court’s instruction to all counsel for the defense, on December 18, 1979, that the future permitted practice in the court would be to file all defensive motions within seven (7) days of arraignment and conclude that this fact should not alter our judgment in this particular case, the procedure having been adopted after the trial court lost jurisdiction to adjudicate the petitioner.
It is therefore ordered that a peremptory writ of prohibition issue, and the petitioner be forever discharged from further response to the charge herein.
ANSTEAD, J., concurs.
HERSEY, J., concurs specially, with opinion.