536 So.2d 199 (1988)
In re AMENDMENTS TO FLORIDA RULE OF JUVENILE PROCEDURE 8.180 (SPEEDY TRIAL).
No. 72513.
Supreme Court of Florida.
October 27, 1988.
Revisions Approved December 30, 1988.
Arthur I. Jacobs, Gen. Counsel, Florida Pros. Attys. Ass'n, Fernandina Beach, for petitioners, State Attys. of Florida.
Gerald T. Bennett, Chairman, Crim. Procedure Rules Committee, Gainesville, Daniel P. Dawson, Chairman, Juvenile Court Rules Committee, Orlando, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, for respondents.

REVISED OPINION
PER CURIAM.
The State Attorneys of Florida petition this Court to consider proposed amendments to Florida Rule of Juvenile Procedure 8.180 pursuant to Florida Rule of Judicial Administration 2.130. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The rule change proposed by the state attorneys is intended to conform the procedures for dismissal for failure to abide by the speedy trial rule with those of Florida Rule of Criminal Procedure 3.191 as that rule applies to felonies. The intended effect of the amendment is to repeal the remedy of automatic discharge in juvenile cases by including a notice provision. We hereby adopt rule 8.180 as amended.
Appended to this opinion is the amended Florida Rule of Juvenile Procedure 8.180. Deletions are indicated by use of struck-through type and new language is indicated by underscoring. All rules and statutes *200 in conflict with the following rule are hereby superceded as of the effective date of these rules. These amendments shall become effective January 1, 1989, at 12:01 a.m.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

APPENDIX
F. TIME OF PROCEEDINGS
RULE 8.180. Speedy Trial
 (a) Time. If a petition has been filed alleging a child to have
committed a delinquent act, the child shall be brought to an
adjudicatory hearing without demand within ninety (90) days of
the earliest of the following dates:
 (1) The date the child was taken into custody.
 (2) The date the petition was filed.
 (b) Dismissal. If an adjudicatory hearing has not commenced
within ninety (90) days, upon motion timely filed with the court
and served upon the prosecuting attorney, the petition shall be
dismissed with prejudice, provided, respondent shall be
entitled to the appropriate remedy as set forth in section (j)
below. The court before granting such motion shall make the
required inquiry under subsection (d) of this rule.
 (c) Commencement. A child shall be deemed to have been brought
to trial if the adjudicatory hearing begins before the judge
within the time provided.
 (d) Motion to Dismiss. If the adjudicatory hearing is not
commenced within the periods of time established, a motion to
dismiss shall be granted by the court, respondent shall be
entitled to the appropriate remedy as set forth in section (j)
below unless
 (1) The child has voluntarily waived his right to speedy trial;
 (2) An extension of time has been ordered under (e); or
 (3) The failure to hold an adjudicatory hearing is attributable
to the child, a co-respondent in the same adjudicatory hearing,
or their counsel; or
 (4) The child was unavailable for the adjudicatory hearing. A
child is unavailable if:
 (i) The child or his counsel fails to attend a
 proceeding when their presence is required; or
 (ii) The child or his counsel is not ready for the
 adjudicatory hearing on the date it is scheduled. No
 presumption of non-availability attaches, but if the
 state objects to dismissal and presents any evidence
 tending to show non-availability, the child must, by
 competent proof, establish availability during the
 term.
 (5) The demand referred to in section (f) is invalid.
 (6) If the court finds dismissal is not appropriate, the
pending motion to dismiss shall be denied, and an adjudicatory
hearing shall commence within ninety (90) days of a written or
recorded order of denial.
 (e) Extension of Time. The period of time established by (a)
may be extended as follows:
 (1) Stipulation. Upon stipulation, announced to the court or
signed by the child or his counsel and the state.
 (2) Exceptional Circumstances. By written or recorded order of
the court on the court's own motion or motion by either party in
exceptional circumstances. The order extending the period shall
recite the reasons for the extension and the length of the
extension. Exceptional circumstances are those which require an
extension as a matter of substantial justice to the child or the
state or both. Such circumstances include:
 (i) unexpected illness or unexpected incapacity or
 unforeseeable and unavoidable absence of a person
 whose presence or testimony is uniquely necessary for
 a full and adequate trial;
 (ii) a showing by the state that the case is so
 unusual and so complex, due to the number of
 respondents or the nature of the prosecution or
 otherwise, that it is
*201 unreasonable to expect adequate investigation or
 preparation within the periods of time established
 by this rule;
 (iii) a showing by the state that specific evidence
 or testimony is not available, despite diligent
 efforts to secure it, but will become available at a
 later time;
 (iv) a showing by the child or the state of
 necessity for delay grounded on developments which
 could not have been anticipated and which will
 materially affect the trial;
 (v) a showing that a delay is necessary to
 accommodate a co-respondent, where there is a reason
 not to sever the cases in order to proceed promptly
 with trial of the respondent;
 (vi) a showing by the state that the child has
 caused major delay or disruption of preparation or
 proceedings, as by preventing the attendance of
 witnesses or otherwise;
 (vii) exceptional circumstances shall not include
 general congestion of the court's docket, lack of
 diligent preparation or failure to obtain available
 witnesses, or other avoidable or foreseeable delays.
 (3) By written or recorded order of the court for a period of
reasonable and necessary delay resulting from proceedings
including, but not limited to, an examination and hearing to
determine the mental competency or physical ability of the
respondent to stand trial for hearings or pretrial motions, for
appeals by the state, and for adjudicatory hearings of other
pending charges against the child.
 (f) Speedy Trial Upon Demand.
 (1) If the child has waived his right to Speedy Trial under
(d) he shall, by written demand filed with the court and upon
service upon the prosecuting attorney, be brought to an
adjudicatory hearing within sixty (60) days of filing the
demand.
 (2) A child charged by a petition alleging a delinquent act
shall be brought to an adjudicatory hearing within sixty (60)
days of filing a written demand with the court and service upon
the prosecuting attorney.
 Except as otherwise provided by this rule and subject to the
limitations imposed by section (g) the child shall have the right
to demand a trial within sixty (60) days, by written demand for
speedy trial filed with the court and service upon the
prosecuting attorney.
 (1) No later than five (5) days from the filing of a demand
for speedy trial, the court shall set the matter for report, with
notice to all parties, for the express purpose of announcing in
open court, receipt of the demand and of setting the case for
trial.
 (2) At the report the court shall set the case for trial to
commence at a date no less than five (5) days nor more than
forty-five (45) days from the date of the report.
 (3) The failure of the court to hold such a report date on a
demand which has been properly filed shall not interrupt the
running of any time periods under this section.
 (4) In the event that the child shall not have been brought to
trial within fifty (50) days of the filing of the demand, the
child shall have the right to the appropriate remedy as set forth
in section (j) below.
 (g) Demand for Speedy Trial; Effect. A demand for speedy trial
shall be deemed a pleading by the respondent that he is available
for the adjudicatory hearing, has diligently investigated his
case, and that he is prepared or will be prepared for the
adjudicatory hearing within five (5) days. A demand may not be
withdrawn by the child, except on order of the court, with
consent of the state or on good cause shown. Good cause for
continuance or delay on behalf of the accused shall not
thereafter include nonreadiness for the adjudicatory hearing,
except as to matters which may arise after the demand for the
adjudicatory hearing is filed and which could not reasonably have
been anticipated by the accused or his counsel.
 (h) Dismissal after Demand. If an adjudicatory hearing has not
commenced within sixty (60) fifty (50) days after a demand
for speedy trial, upon motion timely filed with the court having
jurisdiction and served upon the prosecuting attorney, the child
shall forever be dismissed from the delinquent
*202 act have the right to the appropriate remedy as set forth in
section (j) below; provided the court before granting such
motion shall make has made the required inquiry under (d).
 (i) Effect of Mistrial, Appeal, or Order of New Trial. A child
who is to be tried again or whose adjudicatory hearing has been
delayed by an appeal by the state or the respondent, shall be
brought to trial within ninety (90) days from the date of the
declaration of a mistrial by the trial court, the date of an
order by the trial court granting a new trial, or the date of
receipt by the trial court of a mandate, order or notice of
whatever form from an appellate or other reviewing court which
makes possible a new trial for the respondent, whichever is last.
If the child is not brought to trial within the prescribed time
periods, the child shall be entitled to the appropriate remedy as
set forth in section (j) below.
 (j) Remedy for Failure to Try Respondent within the Specified
Time.
 (1) No remedy shall be granted to any respondent under this
Rule until the court shall have made the required inquiry under
section (d).
 (2) The respondent may, at any time after the expiration of
the prescribed time period, file a motion for discharge.
 (3) No later than five (5) days from the date of the filing of
a motion for discharge, the court shall hold a hearing on the
motion, and unless the court finds that one of the reasons set
forth in section (d) exists, shall order that the respondent be
brought to trial within ten (10) days. If the respondent is not
brought to trial within the ten (10) day period through no fault
of the respondent, the respondent shall be forever discharged
from the crime.