662 So.2d 378 (1995)
STATE of Florida, Appellant,
v.
David MORRIS, Appellee.
No. 94-2268.
District Court of Appeal of Florida, Fourth District.
October 25, 1995.
Rehearing and/or Certification Denied November 28, 1995.
Robert A. Butterworth, Attorney General, Tallahassee and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellee.
KLEIN, Judge.
We affirm the trial court's conclusion that the state's nolle prosequi, entered after defendant demanded a speedy trial, violated the speedy trial rule.
Although defendant was arrested on a cocaine trafficking charge and taken into custody on November 6, 1992 the first thing relevant to these proceedings occurred when defendant filed a demand for speedy trial on April 12, 1994. Defendant's trial began on May 18, 1994; however, the state then discovered that its key witness, the officer who found the cocaine in the car, was on vacation. It appears that the state was normally furnished with a list of officers who were on vacation, but this witness' name had not been included on that list. The state then nol prossed.
The state refiled the charges on the very next day, May 19; however, defendant, who had been released from custody after the nol pros, was not arrested. The record does not reflect when defendant, who was living at the address the state had for him, was notified of the new charges. According to what his counsel told the court, defendant voluntarily appeared at his arraignment on June 20, 1994, after having been notified of the arraignment by mail. Defendant moved for discharge under the speedy trial rule on June 23, 1994 on the basis of State v. Agee, 622 So.2d 473 (Fla. 1993). The trial court granted the motion, and the state appeals.
In Agee the state nol prossed thirty-three days prior to the expiration of the speedy trial period, because the victim of the crime was comatose and there were no eye-witnesses. About two years later the victim came out of the coma, and the state discovered two eye-witnesses. The state then filed another information on the same charges, and the trial court dismissed the charges on the basis of Florida Rule of Criminal Procedure, 3.191(o), which is the provision of our speedy trial rule which states that the state cannot avoid the "intent and effect" of the speedy trial rule by taking a nol pros. The first district affirmed, State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), and the supreme court approved that decision in State *379 v. Agee, 622 So.2d 473, 475 (Fla. 1993), holding:
[W]hen the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired.
The state argues that Agee is distinguishable because in the present case the state refiled the charges the day after the nol pros, which was still within the speedy trial period. Although that is a distinguishing fact, the rationale of Agee leads us to conclude that defendant must be discharged here.
Defendant's demand for speedy trial filed on April 12, 1994 entitled him, under rules 3.191(b) and (p)(3), Florida Rules of Criminal Procedure, to have his trial commence no more than a total of sixty-five days later. Rule 3.191(b)(4) authorizes a defendant to move for discharge if he is not tried within fifty days of his demand. Then, pursuant to rule 3.191(p)(3), the court must hold a hearing within five days from the filing of the motion for discharge and order the defendant to be brought to trial within ten days of that hearing. If the trial does not commence within ten days, and it is not the fault of the defendant or some other exception is not applicable, then the defendant is entitled to be discharged. Rule 3.191(p).
The state argues that when defendant, after his June 20 arraignment on the refiled charges, moved for discharge on June 23, the trial court should have then held a hearing within five days and ordered defendant to be brought to trial within ten days thereafter instead of discharging him. We cannot agree. If defendant had been immediately arrested or at least notified that the charges against him had been refiled within the fifty days, it is possible that the nol pros would not have affected defendant's right to seek relief under the speedy trial rule. Under those circumstances defendant could still have moved for discharge fifty days after the filing of the demand on April 12. Here, however, defendant was not arrested after he was recharged, and his arraignment, at which he voluntarily appeared, did not occur until June 20, 1994, after the expiration of the speedy trial period. Under these circumstances the state, by nol prossing and failing to notify defendant of the refiled charges or take him back into custody within the fifty days, deprived defendant of his right to have his trial commence no later than sixty-five days from his April 12 demand.
As our supreme court explained in Agee, when the state is faced with the problem of a missing witness, there are other options available to the state besides a nol pros. See rule 3.191(l), Fla.R.Crim.P. In the present case, apart from the rule, the state could also have asked the court for a short continuance and still have been within the speedy trial period. The nol pros while the time for speedy trial was running, however, coupled with the state's failure (so far as this record shows) to do anything which would have put defendant on notice of the refiling of the charges so that he could have moved for discharge fifty days after filing his demand, violates the purpose of the rule and Agee. In Agee as well as the present case, the nol pros prevented the defendant from having his trial commence within sixty-five days from his demand. Once the period expired, as it did in the present case, defendant was entitled to be discharged.
Affirmed.
STONE, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.