686 So.2d 737 (1997)
Ray CORDERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3426.
District Court of Appeal of Florida, Third District.
January 8, 1997.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellee.
Before NESBITT, and GERSTEN, JJ, and BARKDULL, Senior Judge.
NESBITT, Judge.
Having reserved his right to appeal pursuant to a no contest plea, Ray Cordero appeals the trial court's denial of his motion for discharge for a violation of the speedy trial rule. We reverse the order finding Cordero guilty and withholding adjudication, and remand with directions to discharge him.
Law enforcement first arrested Cordero on June 26, 1993. The state then "no actioned" the case on July 16, 1993. Cordero was released from all obligations to the court. Thereafter, on August 13, 1993, the state filed an information against Cordero based on the same events that led to Cordero's earlier arrest. The trial court issued an arrest warrant on August 20, 1993. The state, however, took no further action in this case until June 7, 1994, when Cordero was arrested on the warrant.
Cordero filed a motion for discharge on June 5, 1995 based on the expiration of the speedy trial period.[1] Three hundred and forty-five days had elapsed from the date of Cordero's first arrest to the day the arrest *738 warrant was executed. The trial court denied Cordero's motion on the basis that the state was entitled to the fifteen-day window period provided by Florida Rule of Criminal Procedure 3.191(p)(3). Cordero pleaded no contest to the charges as filed and reserved the right to appeal the order denying his motion for discharge.
The state is inviting this court to accept an argument that the Fourth District has at least twice rejected. The argument attempts to distinguish Genden v. Fuller, 648 So.2d 1183 (Fla.1994), and State v. Agee, 622 So.2d 473 (Fla.1993), by noting that in this case the state filed the information within the speedy trial period, unlike Genden and Agee where the charges were filed after the period had expired. We decline the invitation.
In State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995), the state refiled charges against the defendant within the speedy trial period, but did not rearrest him or notify him of that fact. After the period expired, defendant appeared before the court and filed a motion for discharge, which the court granted. On appeal the state argued that it should have been allowed to bring the defendant to trial within the window period after he moved for discharge.
The Fourth District rejected the state's argument. It noted that if the defendant had been arrested, or at least notified that charges had been refiled against him, he could have moved for discharge when the speedy trial period expired. The state would then have been entitled to the fifteen-day window period from that date. Because the defendant did not become aware that charges had been refiled until well after the period had expired, the court held he was entitled to be discharged.[2]
Similarly, although with less factual recitation, the Fourth District recently held:
Factually, the only difference between this case and Genden and Agee is that here the State filed its new charges against petitioner before speedy trial time had expired.... Hence, the fact that the State released petitioner from custody when it entered the "no file" on the misdemeanor charge of DUI and that he was not returned to custodythrough no fault of his ownuntil he was rearrested on the felony DUI charge 8 months later is immaterial to the running of the speedy trial time.
Dedolchow v. State, 675 So.2d 955, 956 (Fla. 4th DCA 1996).
The reason for this rule makes perfect sense. To accept the state's argument in this case would promote the same evils the Supreme Court warned against in Genden and Agee. An individual could be arrested and the state, for whatever reason, may "no action" the case. The state could soon thereafter file charges within the speedy trial period and then, do nothing. The defendant, if he is not rearrested or notified in some manner, has no idea charges have been filed (or refiled in the case of a nolle prosequi) against him. Then, long after the speedy trial time has expired, the state can arrest the defendant and, if he files a motion for discharge, the state still has fifteen days to bring him to trial. Such a result is clearly disapproved of by Genden and Agee.
In the instant case, Cordero resided at the same address at all relevant times. This is not a case where a defendant has attempted to avoid arrest or notification of pending charges. While the state filed charges against Cordero less than a month after his release, he did not become aware of that fact until he was rearrested almost a year later; well after the speedy trial period had expired. Consequently, for the reasons discussed, we reverse and remand with directions to discharge Cordero.
Reversed and remanded with directions.
NOTES
[1] Fla. R.Crim.P. 3.191.
[2] In contrast, we note Diaz v. State, 627 So.2d 125 (Fla. 5th DCA 1993). There, after the case was no actioned and the defendant released, the state filed charges and rearrested the defendant within the speedy trial period. Thus, the defendant was not entitled to a discharge because he knew when the 175-day speedy trial period would expire and he could file a motion for discharge. The state would then be obligated to bring him to trial within the fifteen-day window period provided by Florida Rule of Criminal Procedure 3.191(p)(3).