688 So.2d 1012 (1997)
The STATE of Florida, Appellant,
v.
Michael GANTT, Appellee.
No. 96-685.
District Court of Appeal of Florida, Third District.
March 5, 1997.
Robert A. Butterworth, Attorney General, and Fleur J. Lobree, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, Amy D. Ronner, Special Assistant Public Defender, Jessica Fonseca-Nader, and Scott W. Zappolo, Certified Legal Interns, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
PER CURIAM.
Appellant, the State of Florida, appeals appellee's discharge under the speedy trial rule claiming that the State should have a fifteen day window to try appellee. We disagree and affirm.
Appellee, Michael Gantt ("defendant"), was arrested on March 1, 1995 for possession of cocaine. At that time he was serving a prior controlled release sentence. After his arrest, the court revoked his controlled release status and incarcerated him. Although on March 22, 1995, the State "no actioned" the *1013 possession charge, it refiled the charges on May 26, 1995.
The defendant, due to his incarceration, failed to attend the arraignment on the refiled charges and the judge entered a capias. He was subsequently arrested for this capias on January 26, 1996, and arraigned on January 30, 1996, after having spent 336 days in custody from the date of his March 1, 1995 arrest.
The defendant filed a motion to discharge for violation of the speedy trial rule. The State acknowledged that notice of the expiration of the speedy trial time would be valid, but argued that because the information was filed within the speedy trial period, the State had a fifteen day window to try the defendant. See Fla. R.Crim. P. 3.191(p)(3).
Granting the discharge motion, the court reasoned that the defendant could not have moved for discharge, because the State failed to inform defendant of the refiling of the information. The trial court further reasoned that where over 190 days had passed since the defendant's arrest, the speedy trial window did not apply.
The dispositive issue in this case is whether the defendant had been brought to trial within the speedy trial period. Although a defendant has the option to accelerate the trial process by demanding a speedy trial, failure to do so does not negate the State's obligation to bring him to trial within 175 days. See Fla. R.Crim. P. 3.191(a). If the defendant had been notified that the charges had been refiled, the defendant could have timely moved for discharge and the State would be entitled to the fifteen day window it now seeks.[1]See State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995); Diaz v. State, 627 So.2d 125 (Fla. 5th DCA 1993).
However, here the defendant's trial was delayed beyond the speedy trial period through no fault of his own. See Fla. R.Crim. P. 3.191(p)(3). The defendant was in jail, captive, immobile, and in the State's control. He could not respond to a charge he did not know about. Because the defendant was in the State's control for the entire period in question, the State should have noticed the defendant in jail and arranged to have him present for arraignment. See Jones v. State, 573 So.2d 185 (Fla. 1st DCA 1991); Tirado v. Reese, 478 So.2d 883 (Fla. 2d DCA 1985); V.C. v. Ferguson, 422 So.2d 861 (Fla. 3d DCA 1982).
Granting the State more time to bring the defendant to trial would disembowel the speedy trial rule. See State v. Agee, 622 So.2d 473 (Fla.1993). Even though the State filed the charges within the speedy trial period, sufficient grounds for discharge exist because the defendant did not receive notice until he was rearrested, well after the expiration of the speedy trial period. See Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997); Dedolchow v. State, 675 So.2d 955 (Fla. 4th DCA 1996); Clinton v. State, 451 So.2d 893 (Fla. 3d DCA 1984). To allow the state an additional fifteen days in which to bring the defendant to trial, in view of the State's inaction, would impermissibly prejudice the defendant's speedy trial rights. This unredressable injustice in contravention of procedural rules cannot be allowed.
Affirmed.
GERSTEN and SHEVIN, JJ., concur.
COPE, Judge (specially concurring).
I concur because the State's notification argument under State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995), see also Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997), was not presented in the trial court. The record reflects the sending of mail notification prior to expiration of the speedy trial period, but it was sent to defendant's home address while defendant was in prison for a different crime. Consequently, it is not known whether defendant or his counsel received the notice prior to expiration of the speedy trial period. The state did not raise the notification argument in the trial court and did not request an evidentiary hearing to determine whether notice *1014 was received by defendant or his counsel prior to expiration of the speedy trial period. As the notification argument now advanced on appeal was not made in the trial court, I concur that affirmance is required.
NOTES
[1] The record adequately preserved the State's theory that since "we filed within the speedy trial period, the defendant, while he may be entitled to file a notice of expiration, the State would then get the fifteen day window." See generally Thornber v. City of Fort Walton Beach, 534 So.2d 754 (Fla. 1st DCA 1988); Ahmed v. Travelers Indemnity Co., 516 So.2d 40 (Fla. 3d DCA 1987).