WARNER, C.J.
A.L., a juvenile, brought this petition for a writ of prohibition, asserting that the speedy trial period has run and the court should have dismissed the delinquency petition. We grant the petition.
On May 23, 2000, petitioner was arrested and a petition for delinquency was filed on July 14, 2000. At petitioner’s arraignment on August 23, 2000, his counsel noted that the speedy trial period had run. However, no written motion for speedy trial discharge was filed, and the court set it for a calendar call in October.
The case was, called twice in October. On both occasions, petitioner’s counsel orally reminded the court that the speedy trial period had run. However, again no written motion was filed until November 3, 2000, when petitioner filed a motion to dismiss on. speedy trial grounds. The court set the motion for a hearing within five days to hear argument of counsel. The state contended that it had a window in which to try the petitioner; petitioner’s counsel argued that dismissal was required because petitioner was not arraigned until after the speedy trial period had run. The trial court orally denied the motion. On April 2, 2001, the trial court entered a written order denying the motion and set the case for calendar call, prompting this petition.
We first reject the state’s contention that under State v. Olivo, 759 So.2d 647 (Fla.2000), the speedy trial period began to run only when the petition was filed. In R.K. v. State, 778 So.2d 1098, 1098 n. 1 (Fla. 4th DCA 2001), we distinguished Olivo and determined that the speedy trial period commenced upon the child’s arrest. See Fla. R. Juv. P. 8.090(a). In this case, the speedy trial period began to run on May 23, 2000, and expired on August 21, 2000, two days before petitioner’s arraignment.
*944 Nevertheless, we reject petitioner’s position that because he was not arraigned before the speedy trial period ran, the charges must be dismissed. The right to a speedy trial is a procedural right, not a substantive right. In R.J.A. v. Foster, 603 So.2d 1167 (Fla.1992), the supreme court discussed the nature of the right in discussing the legislature’s right to pass a statute making the 90 day speedy trial period a substantive right:
We find that the time period formally set forth in a statute or rule [for speedy trial] does not establish absolute per se prejudice but, as expressed in [Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)], the time period is a “a triggering mechanism” which establishes that the delay is presumptively prejudicial. Fading to try a defendant within a specified period of time clearly “does not per se prejudice the accused’s ability to defend himself.” Wingo, 407 U.S. at 521, 92 S.Ct. at 2187. As explained in Wingo, until such a violation occurs, there is no need to inquire into the other factors of the reason for the delay, the defendant’s assertion of his or her right to trial, and the prejudice to the defendant.
Id. at 1171 (footnote omitted). In short, the time period of the rule is “a triggering mechanism, and not an absolute right.” Id. at 1172.
Rule 8.090 governs the process of securing the petitioner’s right to a speedy trial after the time period for bringing the juvenile to trial passes. The rule requires:
(b) Dismissal. If an adjudicatory hearing has not commenced within 90 days, upon motion timely filed with the court and served upon the prosecuting attorney, the respondent shall be enti-tied to the appropriate remedy as set forth in subdivision (m).
[[Image here]]
(m) Remedy for Failure to Try Respondent Within the Specified Time.[1]
(1) No remedy shall be granted to any respondent under this rule until the court shall have made the required inquiry under subdivision (d).
(2) The respondent may, at any time after the expiration of the prescribed time period, file a motion for discharge. Upon filing the motion the respondent shall simultaneously file a notice of hearing. The motion for discharge and its notice of hearing shall be served upon the prosecuting attorney.
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10 day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
(Emphasis added). Thus, the charges should not be dismissed outright unless the child is not brought to trial within the window period provided for in rule 8.090(m)(3).
Citing to State v. Gantt, 688 So.2d 1012 (Fla. 3d DCA 1997), and Cordero v. State, 686 So.2d 737, 738 (Fla. 3d DCA 1997), the petitioner argues that because he was available at all times for arraignment and for trial, the state is not entitled to the ten day window in which to try him pursuant to rule 8.090(m). However, those cases, *945 which involve the adult speedy trial rule, do not require that the defendant be arraigned before the speedy trial period runs in order for the state to have the advantage of the ten day rule (fifteen in the case of an adult criminal defendant) in which to bring.the defendant to trial. In Gantt, Cordero, and State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995), the state arrested the defendants, dismissed the charges, and then refiled them without notifying the defendants or rearresting them. A substantial time after the expiration of the speedy trial rule time periods[2], the state notified the defendants or rearrested them, and each court held that under such circumstances, where the defendant did not know that the state was still pursuing charges against them and could not move for speedy trial discharge shortly after the expiration of the time, the state was not entitled to the fifteen day window.
Here, petitioner was arraigned only two days after the running of the speedy trial period. The record does not show when he was notified of the filing of the petition or his arraignment date. Petitioner appeared at the arraignment with his lawyer. The record does not reflect when the lawyer had been appointed or how long she had been working on the case. While petitioner’s counsel noted that the speedy trial period had run, no motion for discharge was filed until November. Had counsel filed the motion on August 23, as was petitioner’s right, a trial could have occurred within ten days. Instead, counsel filed a motion to dismiss three months later, contending that the charges should be dismissed. Because it was counsel’s delay in failing to move for speedy trial discharge which delayed the trial, Gantt, Cordero, and Morris are distinguishable.
Nevertheless, the court denied the motion to dismiss without specifying the particular grounds for denial. The state conceded at the hearing that none of the grounds mentioned in rule 8.090(d) for not applying the speedy trial rule would apply, and its sole ground for requesting denial of the petition was because the petitioner filed a motion to dismiss rather than a motion for discharge. As the rule seems to permit the filing of either a motion to dismiss, see Fla. R. Juv. P. 8.090(d), or a motion for discharge, see Fla. R. Juv. P. 8.090(m)(2), we find this argument without merit.
However, where none of the rule 8.090(d) reasons apply to exercise compliance with the speedy trial rule, the rule requires the juvenile to “be brought to trial within 10 days.” The judge failed to set the hearing within 10 days of his ruling on the motion to dismiss. The record does not indicate that petitioner caused the four month delay. Under these circumstances, the rule requires that petitioner “be forever discharged from the crime.”
The petition is granted and the trial court is directed to enter an order of discharge.
GUNTHER and GROSS, JJ., concur.

. This section of the rule was added in 1989, which is why the public defender’s citation to A.F. v. Nourse, 383 So.2d 757 (Fla. 4th DCA 1980), during the trial court hearing is inap-posite.

. In Cordero, about six months had elapsed from the running of the speedy trial time until the defendant was rearrested on the refiled charges; in Gantt, about five months; and in Morris, about two months.