PER CURIAM.
D.D. filed a petition for writ of prohibition, or in the alternative, for certiorari, after the trial court granted the state’s motion to strike his motion to dismiss based on expiration of speedy trial. We construe the trial court’s order as a denial of petitioner’s motion to dismiss on the merits of the speedy trial challenge. We thus decline to entertain certiorari review, as the second district did in distinguishable circumstances in Lail v. Anderson, 665 So.2d 812 (Fla. 2d DCA 1995). Instead, we find that prohibition lies. See Sherrod v. Franza, 427 So.2d 161 (Fla.1983). We grant the petition for writ of prohibition for the reasons which follow.
Petitioner was arrested for grand theft on September 2, 2001. The state filed a petition for delinquency on October 29, 2001. On November 1, 2001, a summons issued providing for arraignment of petitioner on November 27, 2001. The summons contained a typographical error of unknown origin on the address for petitioner. It was returned unserved, with the comment “no such address” on November 9, 2001. The state made no further efforts at service. Petitioner did not appear at arraignment. Speedy trial expired on December 1, 2001.
Petitioner was later served by summons in February 2002 for a March 7, 2002 arraignment. He appeared at that arraignment, and counsel was appointed for him. Defense counsel filed a motion to dismiss pursuant to Florida Rule of Juvenile Procedure 8.090 on April 5, 2002, arguing expiration of speedy trial.
The trial court held a hearing on the motion to dismiss on April 9, 2002, at which time it also heard the state’s motion to strike petitioner’s motion to dismiss with prejudice. The motion to strike asserted that the trial court should strike petitioner’s motion to dismiss because defense counsel had previously made this same challenge in other cases, based on the same case law presented, and that the court had previously rejected it. The state further argued that there was no good faith basis for the motion to dismiss.
The facts here are undisputed. The state conceded that there was a typographical error on the November 1, 2001 summons, but argued that it was the clerk’s fault, rather than the state attorney’s fault. The only disputed issue in this case is a legal one: whether the state is entitled to a window period. The state argued that the court should determine either that the delay in serving the child was attributable to petitioner and find a waiver of his speedy trial right or deny the motion to dismiss outright and give the state the recapture period. Petitioner argued that the state is not entitled to the fifteen-day window of recapture when the state files charges before speedy trial expires but does not inform the child of the charges until the ninety-day speedy trial *932 period has run. After hearing evidence and argument, the trial court granted the state’s motion to strike, effectively ruling on the merits of petitioner’s motion to dismiss for speedy trial violation.
We conclude that the trial court erred in so ruling. See State v. Gantt, 688 So.2d 1012 (Fla. 3d DCA 1997); Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997); State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995). In A.L. v. State, 787 So.2d 942 (Fla. 4th DCA 2001), we distinguished the above-cited cases; however, our analysis in A.L. does not apply in this case, because in those cases and the subject case, the defendant was not notified that the state was pursuing charges against him and could not move for speedy trial discharge until well after the expiration of speedy trial time. In A.L., the petitioner was arraigned only two days after the running of the speedy trial period. The record did not show when he was notified of the filing of the petition or his arraignment date, or when counsel had been appointed. We pointed out that defense counsel could have filed his motion earlier, within the time for the defendant to have been tried within the speedy trial window period. Instead, counsel filed the motion three months later. We concluded in AL. that counsel’s delay in moving for speedy trial discharge delayed the trial. Id. at 945.
Here, the same cannot fairly be said. The petitioner in this case was not notified of the charges until sometime in February, 2002, approximately two months after speedy trial expired. Counsel was not appointed for him until the arraignment yet another month later. Neither defense counsel nor petitioner can be faulted for the delay in this ease. See D.C. v. State, 807 So.2d 198 (Fla. 4th DCA 2002); R.K. v. State, 778 So.2d 1098 (Fla. 4th DCA 2001).
We grant the petition for writ of prohibition and direct the trial court to discharge D.D.
POLEN, C.J., TAYLOR and HAZOURI, JJ., concur.