STEVENSON, J.
In the instant case, the trial court dismissed the charges against D.L., a minor, after finding that the ten-day recapture period provided for in Florida Rule of Juvenile Procedure 8.090(m)(3) was not available to the State as a consequence of its failure to arraign D.L. prior to the expiration of the ninety-day speedy trial time. We find that the trial court erred in dismissing the charges.
D.L. was arrested on May 29, 2001. On August 16, 2001, the State filed a petition for delinquency charging D.L. with burglary of a dwelling and grand theft. On March 22, 2002, D.L. filed a motion to dismiss the charges against him, alleging the following facts: (1) on September 3, 2001, D.L.’s brother was served with a notice for D.L. to appear at an arraignment scheduled for September 5, 2001; (2) D.L. did not appear for the September 5, 2001 arraignment and the judge placed the child on reset/reserve status; (3) D.L. was rescheduled for arraignment on January 23, 2002; (4) on January 4, 2002, a pick-up order was issued nunc pro tunc for September 5, 2001; and (5) on January 23, 2002, D.L. was arraigned. According to D.L., his speedy trial time expired on August 27, 2001 — ninety days from the date of his arrest. D.L. argued to the trial court that since he was not arraigned prior to the expiration of speedy trial, he was automatically entitled to dismissal of the charges. This is not the law.
Florida Rule of Juvenile Procedure 8.090 provides that the State has ninety days from the date of arrest or the filing of the petition for delinquency, whichever is earlier, within which to bring the juvenile defendant to trial. See Fla. R. Juv. P. 8.090(a)-(b). Generally, when the State has not commenced the adjudicatory hearing within ninety days, upon the fifing of a motion to dismiss or motion for discharge, the State shall have ten days to commence the adjudicatory hearing — the so-called recapture period. See Fla. R. Juv. P. 8.090(d), (m)(3).
In the context of the adult speedy trial rule, courts have held that the recapture period was not available to the State where its actions had served to deprive the defendant of the opportunity to timely assert his speedy trial rights. See State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995); see also State v. Gantt, 688 So.2d 1012 (Fla. 3d DCA 1997); Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997). In Morris, Gantt, and Cordero, the defendants had been arrested on charges which were subsequently dismissed. The State refiled the charges, but the defendants were not immediately rearrested or notified of the re-ified charges. A substantial period of time after the expiration of the speedy trial periods (ranging from about a month in Morris to about six months in Cordero), the State notified the defendants or rearrested them. The courts in Morris, Gantt, and Cordero all held that where the defendant did not know that the State was still *665 pursuing charges against them and could not move for speedy trial discharge shortly after the expiration of time, the State was not entitled to the fifteen-day window.
In A.L. v. State, 787 So.2d 942, 945 (Fla. 4th DCA 2001), this court addressed the application of the principles discussed in Morris, Gantt, and Cordero to the juvenile speedy trial rule. A.L. was arrested on May 23, 2000, and the petition for delinquency was filed on July 14, 2000. A.L. was arraigned on August 23, 2000. At the arraignment, A.L.’s counsel noted that the speedy trial time had run on August 21, two days earlier, but did not file a motion for discharge. See id. at 943. The case was called twice in October and, again, although A.L.’s counsel reminded the court that speedy trial had run, no motion for discharge was filed. Finally, on November 3, 2000, A.L. filed a motion to dismiss on speedy trial grounds. The State contended that dismissal was not appropriate and that it still had the ten-day recapture period within which to try A.L. The trial court denied A.L.’s motion to dismiss.
On appeal, A.L. asserted that since he was not arraigned prior to the expiration of speedy trial, he was automatically entitled to dismissal of the charges — -the same argument that D.L. made to the trial court here. This court rejected A.L.’s argument, stating that “[t]he right to a speedy trial is a procedural right, not a substantive right.” Id. at 944. Citing the supreme court’s holding in R.J.A. v. Foster, 603 So.2d 1167, 1172 (Fla.1992), that the time period specified in the rule is “ ‘a triggering mechanism and not an absolute right,’ ” the court concluded that dismissal was not required unless the child was not brought to trial within the window period set forth in rule 8.090(m)(3). Id. As for the exception discussed in Morris, Gantt, and Cordero, the panel held that the cases did not stand for the proposition that a defendant had to be arraigned prior to the expiration of speedy trial or the charges against him would be dismissed and that the cases were distinguishable on their facts. In Morris, Gantt, and Cordero, the State’s actions or inactions had deprived the defendant of the right to move for speedy trial discharge shortly after the expiration of speedy trial time. In A.L., the child was arraigned only two days after the running of speedy trial. Moreover, if A.L.’s attorney had moved for discharge at the August 23, 2000 arraignment, A.L. could have been brought to trial within the ten-day period set forth in rule 8.090(m)(3). Consequently, in A.L., it was defense counsel’s actions that deprived the child of the opportunity to timely seek discharge due to expiration of speedy trial and not the State’s failure as was the case in Morris, Gantt, and Cordero.[1]
Approximately one year later, this court decided D.D. v. State, 817 So.2d 930 (Fla. 4th DCA 2002), applying the analysis used in A.L., but reaching a different conclusion. There, the child was arrested on September 2, 2001, and the petition for delinquency was filed on October 29, 2001. On November 1, 2001, a summons providing for D.D.’s arraignment was issued. Since the summons contained a typographical error, it was returned unserved and the State made no further efforts. D.D. did not appear at the arraignment. Speedy trial expired on December 1, 2001. Finally, in February 2002, D.D. was served with a summons for a March 7, 2002 ar *666 raignment. D.D. appeared for arraignment and counsel was appointed. On April 5, 2002, defense counsel filed a speedy trial motion to dismiss. The State argued that dismissal was not appropriate and that it still had the recapture period within which to have the trial. D.D. asserted that the State was not entitled to the benefit of the recapture period because the State had not informed him of the charges until after the ninety-day speedy trial time had run. The panel concluded that Morris, Gantt, and Cordero compelled dismissal and that A.L. was distinguishable. In those cases and the case before it, the defendant was not notified that the State was pursuing charges against him and, thus, could not move for speedy trial discharge until well after the time had run. In contrast, in A.L., the child was arraigned only two day after the running of speedy trial and defense counsel could have earlier filed a motion for discharge that would have permitted the defendant to be tried within the ten-day period.
The lesson to be taken from reading A.L. and D.D. together is that, when the child is not arraigned until after the expiration of speedy trial, the availability of the recapture period turns on whether the child’s inability to move for speedy trial discharge within a short time after the expiration of the ninety-day period is attributable to the child or to the State. See, e.g., D.C. v. State, 807 So.2d 198 (Fla. 4th DCA 2002)(finding that juvenile’s motion to dismiss should have been granted where, despite the fact that juvenile was in custody of Department of Juvenile Justice, the State delayed in serving him and, as a result of the State’s delay, juvenile was not arraigned until forty-three days after expiration of the ninety-day speedy trial period). In the instant case, the trial judge recognized that it was the child that had failed to appear for the September 5, 2001 arraignment and that this was a “stumbling block.” The judge nonetheless found that A.L. was distinguishable on its facts and that D.L. was entitled to dismissal of the charges. We disagree.
On September 3, 2001, only seven days after the ninety-day period had run, the child’s brother was served with notice for D.L. to appear at an arraignment scheduled for September 5, 2001.[2] Consequently, had the child appeared for the arraignment, he could have filed his motion for discharge and insisted that the State immediately bring him to trial or discharge him, thus enforcing his speedy trial rights. The fact that the child did not appear at the hearing resulted in the loss of the child’s ability to timely assert his speedy trial rights. Since the loss of the rights was attributable to the child and not the State, the instant case is controlled by A.L. and, thus, the ten-day recapture period was available to the State. Accordingly, we reverse the order of dismissal.
REVERSED and REMANDED.
FARMER and HAZOURI, JJ., concur.

. Ultimately, despite the conclusion that Morris, Gantt, and Cordero did not compel dismissal of the charges and that the ten-day recapture period was available to the State, the panel in A.L. held that dismissal of the charges was appropriate. See 787 So.2d at 945. The necessity of the dismissal resulted from the judge's failure to set the adjudicatory hearing within ten days of the motion to dismiss as required by rule 8.090(m)(3). See id.

. Rule 8.040 and chapter 48, Florida Statutes (2001), both permit service on a parent or guardian. The probable cause affidavit filed in this case reflects that the child’s brother is his guardian and that it was the brother to whom the child was released following his arrest. At no point during these proceedings has D.L. asserted that service or notice regarding the arraignment was improper because it was made on his brother.