POLEN, C.J.
The State contends the trial court erred in holding the ten-day recapture period provided for in Florida Rule of Juvenile Procedure 8.090(m)(3) was not available to the State as a consequence of its failure to arraign V.M. prior to the expiration of the ninety-day speedy trial time, and dismissing the charges against V.M. We agree with the State and reverse the order of dismissal.
V.M. was arrested on December 29, 2001, and on January 24, 2002, the State *1067 filed a petition for delinquency charging him with possession of cannabis, less than twenty (20) grams. However, V.M. was not arraigned until April 10, 2002, at which time he was appointed counsel. On April 16, 2002, V.M. filed a motion to dismiss the charges against him, contending the speedy trial period had expired on March 29, 2002. See Fla. R. Juv. P. 8.090(a)-(b). The State responded that it was entitled to the ten-day recapture period to bring V.M. to trial before the charges should be dismissed outright. See Fla. R. Juv. P. 8.090(d),(m)(3). On April 19, 2002, a hearing was held on V.M.’s motion to dismiss. The trial court made no findings of fact and dismissed the charges against V.M. We hold this was error.
As recently addressed by this court in State v. D.L., 841 So.2d 663 (Fla. 4th DCA 2003), a minor who is not arraigned prior to the expiration of speedy trial is not automatically entitled to dismissal of the charges. See also A.L. v. State, 787 So.2d 942, 944 (Fla. 4th DCA 2001)(rejecting argument that failure to arraign within ninety-day speedy trial time constitutes automatic grounds for dismissal of charges; “[t]he right to a speedy trial is a procedural right, not a substantive right.”). We need not restate the body of case law, relying on this court’s analysis in D.L. In effect, availability of the ten-day recapture period is determined by a two-step test: first, whether the minor had the ability to move for speedy trial discharge within a short time after the expiration of the ninety-day period; and, if not, whether that inability was attributable to the fault of the child or of the State. We find V.M. had the ability to, and did in fact, move for discharge within a short time after the expiration of the ninety-day period. Dismissal was improper.
V.M. was arraigned and appointed counsel twelve (12) days after the expiration of speedy trial, and moved for discharge six (6) days later. We find the material facts in D.L. analogous and controlling. Id. (minor received notice of arraignment seven (7) days after speedy trial expired, for arraignment scheduled nine (9) days after speedy trial expired).[1] V.M. had the ability to move for discharge within a short time after the expiration of speedy trial. Cases where this court has held a minor lacked the ability to move for a discharge within a short time after the expiration of speedy trial are factually distinguishable. Cf. D.D. v. State, 817 So.2d 930 (Fla. 4th DCA 2002)(summons was initially sent to wrong address and minor was not properly served until over two months after expiration of speedy trial, for an arraignment scheduled for the next month); D.C. v. State, 807 So.2d 198 (Fla. 4th DCA 2002)(minor in Department of Juvenile Justice custody was not arraigned until forty-three days after expiration of speedy trial). Accordingly, we hold the ten-day recapture period was available to the State, reverse the order of dismissal, and remand for further proceedings.
REVERSED and REMANDED.
KLEIN and HAZOURI, JJ., concur.

. At the hearing on the motion for discharge, V.M. did not allege his notice of the arraignment had been defective. Though the record does not definitively establish the exact date on which such notice occurred, at the hearing, counsel for V.M. stated V.M. was not served until "over two months later” than the filing of the petition [January 24, 2002]. As held by this court in D.L., service of notice outside of speedy trial does not constitute grounds for dismissal where a properly noticed arraignment occurs a short time after the expiration of speedy trial, in effect providing the minor with the opportunity to move for discharge at that time.