865 So.2d 605 (2004)
C.D., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3136.
District Court of Appeal of Florida, Fourth District.
January 21, 2004.
*606 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura F. Zibura, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
MAY, J.
The juvenile speedy trial rule is examined in an appeal from the trial court's denial of a motion for discharge, pursuant to Florida Rule of Juvenile Procedure 8.090. Following that denial, the juvenile entered a plea and reserved his right to appeal. We find no error in the trial court's ruling on the motion for discharge and affirm.
The chronology of events relevant to our discussion is set forth below.

November 7, 2001 - Arrest Date
January 25, 2002 - Petition Filed
February 6, 2002 - 90 days Expired
February 15, 2002 - Summons Issued
March 1, 2002 - Arraignment Date
March 11, 2002 - M/Discharge Filed
March 18, 2002 - M/Discharge Denied
July 23, 2002 - Plea Taken[1]
The defendant argues that the State's failure to serve and arraign him within ninety days from the date of his arrest deprives the State of the recapture period. The State responds that the rules do not require service or arraignment within the ninety-day period to access the recapture period. Recent decisions from this court have caused the answer to be unclear. We now recede from those decisions.
The Florida Rules of Juvenile Procedure provide the procedural framework under which parties and the courts function in delinquency proceedings. While some of them are undisputedly clear, others leave room for interpretation.
Previously, this court has found room to interpret the juvenile speedy trial rule. State v. V.M., 842 So.2d 1066 (Fla. 4th DCA 2003); State v. D.L., 841 So.2d 663 (Fla. 4th DCA 2003); D.D. v. State, 817 So.2d 930 (Fla. 4th DCA 2002). By our opinion today, we recede from those cases and adhere to the plain language of Florida Rule of Juvenile Procedure 8.090(m).
Florida Rule of Juvenile Procedure 8.030(a) provides that delinquency proceedings are "initiated by the filing of a petition...."[2] There is no provision in the *607 rules dictating a deadline for service of the petition. When the State files a petition of delinquency, the rules provide for the child to "be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following: (1) The date the child was taken into custody. (2) The date the petition was filed." Fla. R. Juv. P. 8.090(a). Accordingly, the first step is to determine whether the State met the ninety-day deadline.
Once that determination is made, the remedy for failure to comply is set forth in subsection (m). See Fla. R. Juv. P. 8.090(b). Subsection (m) is entitled "Remedy for Failure to Try Respondent Within the Specified Time." It is this provision that provides for a hearing within five days and the ten-day recapture period. See Fla. R. Juv. P. 8.090(m).
In this case, the State filed the petition within ninety days from the date of arrest, but served and arraigned the defendant beyond the ninety days. Simply put, the State failed to bring the defendant to trial within ninety days, giving rise to the defendant's motion for discharge. The trial court followed the procedure outlined in subsection (m), held the requisite hearing within five days, and found none of the factors in subsection (d) to apply. The trial court denied the motion, and allowed the State the ten-day recapture period set forth in subsection (m). In doing so, the trial court not only complied with the rule, but with the principles upon which it is based.

A Little History
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court explained the constitutional parameters of the adult speedy trial rule.
The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused. In addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused.
...
As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened, sometimes seriously so. And it is the prosecution which carries the burden of proof. Thus, unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself.
...
The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial.
Id. at 519-22, 92 S.Ct. 2182.
The Court identified three interests to be served by the constitutional right to a speedy trial: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Id. at 532, 92 S.Ct. 2182. Next, the Court articulated four factors to be considered in determining whether there has been a deprivation of the right to a speedy trial: "Length of delay, the reason *608 for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530, 92 S.Ct. 2182. The Court found no constitutional basis for establishing a finite number of days within which to bring a defendant to trial. And, it suggested any attempt to do so would engage the Court "in legislative or rulemaking activity, rather than in the adjudicative process to which [it] should confine [its] efforts." Id. at 523, 92 S.Ct. 2182.
In Florida, prior to 1988, the State's failure to bring a child to an adjudicatory hearing within ninety days resulted in the automatic discharge of the juvenile. However, in 1988, following the established process for rule changes, the State Attorneys of Florida petitioned the Supreme Court of Florida to consider an amendment to Florida Rule of Juvenile Procedure 8.180.[3]In re Amendments to Florida Rule of Juvenile Procedure 8.180 (SPEEDY TRIAL), 536 So.2d 199 (Fla. 1988). "The intended effect of the amendment [was] to repeal the remedy of automatic discharge in juvenile cases by including a notice provision." Id. This same notice provision had already been added to the Florida Rules of Criminal Procedure just a few years before. See In re Amendments to Florida Rule of Criminal Procedure 3.191, 462 So.2d 386 (Fla.1984); see also John F. Yetter, Florida's New Speedy Trial Rule: The Window of Recapture, 13 FLA. ST. U.L.REV. 9 (1985).
Certain attributes of the amended rule are worthy of note. First, discharge under the rule is not automatic. It "allows" the defendant to file a motion for discharge. Second, it requires the court to consider factors causing the delay before the remedy can be applied. And third, it provides only one remedydischarge if the respondent is not brought to trial within the ten-day recapture period. See Fla. R. Juv. P. 8.090(m)(3).
In R.J.A. v. Foster, 603 So.2d 1167 (Fla. 1992), our supreme court reviewed the juvenile speedy trial rule and held that "the time period formally set forth in a statute or rule does not establish absolute per se prejudice but ... is `a triggering mechanism' which establishes that the delay is presumptively prejudicial." Id. at 1171. In rendering its decision, our supreme court relied upon the Court's reasoning in Barker v. Wingo.
The Supreme Court of Florida next reviewed the juvenile speedy trial rule in P.S. v. State, 658 So.2d 92 (Fla.1995). In P.S., court held "that by entering a nol pros and then refiling identical charges after the speedy trial period has expired, the State is not entitled to extend the speedy trial period for an additional 15 days." Id. at 94. In reaching this conclusion, the court relied on cases involving the adult speedy trial rule. Each of those cases dealt with the effect of a nol pros within the speedy trial period. See, e.g., State v. Agee, 622 So.2d 473 (Fla.1993) (the speedy trial period continues to run when the State enters a nol pros); Williams v. State, 622 So.2d 477 (Fla.1993) (a nol pros prior to expiration of speedy trial does not toll time).

Our Recent Decisions
Over the last couple of years, this court has been asked to interpret the speedy trial rule and impose some form of reasonable notice to the juvenile not provided for in the rules. In doing so, however, we entered into a judicial mine field, which has caused uncertainty for the trial courts *609 in applying the rule. It is from this mine field that we now recede.
In A.L. v. State, 787 So.2d 942 (Fla. 4th DCA 2001), this court held that the trial court erred in failing to set an adjudicatory hearing within ten days following its denial of the defendant's motion to dismiss on speedy trial grounds. We held that the trial court's failure to comply with the remedy provision of Florida Rule of Juvenile Procedure 8.090 warranted the defendant's discharge. In A.L., the juvenile had been arraigned two days beyond the ninety-day speedy trial period. The motion for discharge was not filed until three months later. We noted that "it was counsel's delay in failing to move for speedy trial discharge which delayed the trial." Id. at 945.
In D.D. v. State, 817 So.2d 930 (Fla. 4th DCA 2002), the defendant was arrested for grand theft on September 2, 2001. The State filed a petition for delinquency on October 29, 2001. On November 1, 2001, a summons issued providing for an arraignment on November 27, 2001. The summons contained a typographical error in the defendant's address. On November 9, 2001, the summons was returned unserved, indicating "no such address." The State made no further attempt at service. The defendant did not appear at his arraignment. The speedy trial period expired on December 1, 2001.
The State served the defendant in February 2002, for a March 7, 2002, arraignment. The defendant appeared at his arraignment and was appointed counsel, who filed a motion to dismiss based upon the expiration of the ninety-day speedy trial period. The trial court denied the motion. This court reversed and directed the trial court to discharge D.D.
We held that since the defendant was not notified that the State was pursuing charges against him and could not move for discharge until well after the expiration of the speedy trial time, he was entitled to discharge. In doing so, we judicially imposed a requirement that the State serve the child within the speedy trial time frame.
In State v. D.L., 841 So.2d 663 (Fla. 4th DCA 2003), this court stated: "The lesson to be taken from reading A.L. and D.D. together is that, when the child is not arraigned until after the expiration of speedy trial, the availability of the recapture period turns on whether the child's inability to move for speedy trial discharge within a short time after the expiration of the 90-day period is attributable to the child or to the State." Id. at 666. We then held that because the delay in timely asserting his speedy trial right was attributable to the child (for failing to appear at his arraignment), the State was entitled to the recapture period.
Most recently, this court decided State v. V.M., 842 So.2d 1066 (Fla. 4th DCA 2003). In V.M., this court developed a two-step process to determine the availability of the recapture period. The first step requires a trial court to determine "whether the minor had the ability to move for speedy trial discharge within a short time after the expiration of the ninety-day period." Id. at 1067. Second, the court must determine "whether that inability was attributable to the fault of the child or of the State." Id. We then determined that because V.M. was arraigned only twelve days after the expiration of speedy trial, V.M. had the ability to move for discharge within a short time, and the recapture period was available to the State.
These cases create uncertainty in the trial courts because there is no guidance given as to what is meant by a "short time." A "short time" is too imprecise a *610 measurement. It has no logical foundation for determining when the State is entitled to the recapture time period. By our opinion today, we eliminate that uncertainty.

The Result
We adhere to the bright line that the rule already provides. When a juvenile is taken into custody, the State is given ninety days to bring the case to trial. When that does not occur, the juvenile may file a motion for discharge. The court must then set a hearing within five days to review the factors in subsection (d). If none of them apply, the State is given a ten-day window period within which to try the case. If the State fails to bring the case to trial within those ten days, the juvenile is discharged. If one of the factors in subsection (d) is found to exist, then the State is given ninety days within which to try the case.
Because the trial court properly applied the speedy trial rule and provided the State with the recapture period in this case, we affirm.
FARMER, C.J., GUNTHER, STONE, WARNER, POLEN, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR, and HAZOURI, JJ., concur.
NOTES
[1] The trial court held the hearing on the motion for discharge within the requisite five working days and set the trial within ten days, pursuant to the rule. The day before the trial date, the defendant moved for a continuance. This accounts for the delay between the date the court denied the motion and the date the defendant entered a plea.
[2] While there is no provision in the rules dictating a deadline for either the filing or service of the petition, the Supreme Court of Florida has stated that the "[t]he recapture or window period provided for in rule 8.090(j) was not intended to permit the State to file, or to refile, charges against a defendant after the 90-day speedy trial time provided in the rule has expired, and then to bring the defendant to trial on the new charges in fifteen days or less." P.S. v. State, 658 So.2d 92, 94 (Fla. 1995). We have also held that the State's failure to file a petition of delinquency against a juvenile within ninety days of arrest precluded the State from availing itself of the recapture period. See State v. T.W., 679 So.2d 69 (Fla. 4th DCA 1996); see also D.A.J. v. State, 754 So.2d 817 (Fla. 2d DCA 2000). However, in this case the State filed the petition within ninety days.
[3] In 1991, Florida Rule of Juvenile Procedure 8.180 was renumbered as Florida Rule of Juvenile Procedure 8.090. See In re Petition of The Florida Bar to Amend The Florida Rules of Juvenile Procedure, 589 So.2d 818, 828-29 (Fla.1991).