867 So.2d 439 (2004)
STATE of Florida, Appellant,
v.
M.M., a child, Appellee.
No. 4D02-2706.
District Court of Appeal of Florida, Fourth District.
February 4, 2004.
*440 Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state appeals from the dismissal of the petition for delinquency it filed against appellee, M.M., on charges of petit theft. The trial court dismissed the petition after a hearing on whether the speedy trial period had expired. We reverse.
Appellee was arrested on March 2, 2002, and the state filed the petition for delinquency on April 23, 2002. The ninety-day speedy trial period ran on May 31, 2002. Appellee was arraigned and appointed counsel on June 19, 2002. On June 20, 2002, appellee's counsel filed a Motion to Dismiss/Discharge on which a hearing was held the same day. The trial court granted the motion without making findings of fact and conclusions of law.
The state argues that the trial court erred in dismissing the petition and not giving them the ten-day recapture period provided for in Florida Rule of Juvenile Procedure 8.090(m)(3). Until recently, decisions interpreting the juvenile speedy trial rule have made the determination of this issue unclear. See State v. V.M., 842 So.2d 1066 (Fla. 4th DCA 2003); State v. D.L., 841 So.2d 663 (Fla. 4th DCA 2003); D.D. v. State, 817 So.2d 930 (Fla. 4th DCA 2002).
This court has recently decided C.D. v. State, 865 So.2d 605 (Fla. 4th DCA 2004)(en banc), in which we recede from those cases and follow the rule as it provides. It holds:
When a juvenile is taken into custody, the State is given ninety-days to bring the case to trial. When that does not occur, the juvenile may file a motion for discharge. The court must then set a hearing within five days to review the factors in subsection (d). If none of them apply, the State is given a ten-day window period within which to try the case. If the State fails to bring the case to trial within those ten days, the juvenile is discharged. If one of the factors in subsection (d) is found to exist, then the State is given ninety days within which to try the case.
Id.
The trial court in this case erred in dismissing the charge against appellee without giving the state the ten-day window period within which to try the case against appellee. We reverse the order of dismissal and remand for further proceedings.
REVERSED and REMANDED.
GUNTHER, TAYLOR and HAZOURI, JJ., concur.