HAZOURI, J.
The state appeals from the trial court’s dismissal of the petition for delinquency filed against appellee for possession of a weapon on school property. The state asserts that the trial court erred in granting the dismissal because it was entitled to the ten-day window provided for in Florida *685 Rule of Juvenile Procedure 8.090. Citing State v. D.L., 841 So.2d 663 (Fla. 4th DCA 2003), appellee argues that the state is not entitled to the benefit of the recapture period because “the availability of the recapture period turns on whether the child’s inability to move for speedy trial discharge within a short time after the expiration of the ninety-day period is attributable to the child or to the State.” Id. at 666.
In the instant case, appellee was arrested on October 4, 2001, and the petition for delinquency was filed a week later. It was not served upon appellee within the ninety-day speedy trial time period. Appellee was arraigned on May 29, 2002, and on August 2, 2002, appellee filed his motion to dismiss. At the hearing held on August 7, 2002, counsel presented their arguments. Appellee argued that he was not arraigned until 105 days after the speedy trial period had expired, relying on D.D. v. State, 817 So.2d 930 (Fla. 4th DCA 2002). After hearing testimony concerning the failure to serve appellee, the trial court concluded that the state’s attempts at service were insufficient and dismissal of the petition was required.
This court has recently receded from D.D. and D.L. in C.D. v. State, 865 So.2d 605, 2004 WL 86327 (Fla. 4th DCA Jan.21, 2004) (en banc). Following the plain language of Florida Rule of Juvenile Procedure 8.090, this court held:
When a juvenile is taken into custody, the State is given ninety days to bring the case to trial. When that does not occur, the juvenile may file a motion for discharge. The court must then set a hearing within five days to review the factors in subsection (d). If none of them apply, the State is given a ten-day window period within which to try the case. If the State fails to bring the case to trial within those ten days, the juvenile is discharged. If one of the factors in subsection (d) is found to exist, then the State is given ninety days within which to try the case.
Id. at 607. As none of the factors in subsection (d) apply in this case, the state should have been given the ten-day window period within which to try appellee. We conclude that the trial court erred in dismissing the petition. We reverse the dismissal and remand for further proceedings.
REVERSED and REMANDED.
STONE and WARNER, JJ., concur.