TAYLOR, J.
The state appeals the trial court’s dismissal of the delinquency petition filed against P.M. for failure to arraign the child within the speedy trial period. We reverse, because, based on our court’s recent ruling in C.D. v. State, 865 So.2d 605 (Fla. 4th DCA 2004)(en banc), the state was entitled to the ten-day recapture period within which to try the child.
On October 4, 2001, P.M. was arrested for selling one crack - cocaine rock to an undercover detective. On November 80, the state filed a petition for delinquency against the child. The ninety-day speedy trial period expired on January 2, 2002. Because of the state’s four unsuccessful attempts to serve him with a summons, the child was not arraigned until July 10, 2002.
On July 23, 2002, the child filed a written motion to dismiss. At the hearing on the motion, the child asserted that his speedy trial rights were violated and that the state was not entitled to the recapture period because he was not arraigned until approximately five months after the expiration of the speedy trial period, through no fault of his own. He relied on D.D. v. State, 817 So.2d 930 (Fla. 4th DCA 2002)(holding that the state was not entitled to the benefit of the recapture period because, although the petition was filed within the speedy trial period, the child was not arraigned until after speedy trial had expired, and the failure to arraign the child within the speedy trial period was attributable to the state). The trial court agreed and dismissed the petition.
We recently receded from D.D. in C.D. In C.D., we decided to “adhere to the bright line” that Rule 8.090 of the Florida Rules of Juvenile Procedure already provides. We held:
When a juvenile is taken into custody, the State is given ninety days to bring the case to trial. When that does not occur, the juvenile may file a motion for discharge. The court must then set a hearing within five days to review the factors in subsection (d). If none of them apply, the State is given a ten-day window period within which to try the case. If the State fails to bring the case to trial within those ten days, the juvenile is discharged. If one of the factors in subsection (d) is found to exist, then the State is given ninety days within which to try the case.
865 So.2d at 610; see also State v. C.E., 866 So.2d 757 (Fla. 4th DCA 2004); State v. S.C., 865 So.2d 684 (Fla. 4th DCA 2004).
Because none of the factors in subsection (d) were found to exist, the state was entitled to the ten-day recapture period within which to try this case. Accordingly, we reverse the dismissal and remand for further proceedings.
REVERSED and REMANDED.
STONE and KLEIN, JJ., concur.