PER CURIAM.
The State appeals the trial court’s dismissal of a Petition for Delinquency against D.M. D.M. concedes that, based on our ruling in C.D. v. State, 865 So.2d 605 (Fla. 4th DCA 2004) (en banc), the State was entitled to the ten-day recapture period within which to try the minor. We reverse and remand.
In a Petition for Delinquency filed on February 10, 2003, D.M. was alleged to have committed thirteen counts of burglary of a conveyance. An attempt was made *663 to serve D.M. with a summons to appear on February 25, 2003, but was returned unserved. On March 26, 2003, D.M. entered the residential program at the Avon Park Youth Academy on an unrelated matter. On May 29, 2003, D.M. was arraigned based on the petition of February 10, 2003. A hearing was held on July 18, 2003 during which D.M. moved for dismissal of the petition on the grounds that he had not been arraigned until twenty days after the expiration of the ninety-day speedy trial period, which would have ended on May 9, 2003.
The trial court applied the two-prong test stated in State v. V.M., 842 So.2d 1066 (Fla. 4th DCA 2003) which considered “whether the minor had the ability to move for speedy trial discharge within a short time after the expiration of the ninety-day period; and, if not, whether that inability was attributable to the fault of the child or of the State.” In applying this test stated in V.M., the trial court found that D.M. did not have the ability to move for dismissal within a short period of time and that this inability was the fault of the State because D.M. had been in State custody for a majority of the ninety-day speedy trial period. Thus, the trial court dismissed the petition against D.M for failure to arraign the minor within the speedy trial period.
However, this Court recently receded from V.M. in deciding C.D. In C.D., the Court decided to “adhere to the bright line” that rule 8.090 of the Florida Rules of Juvenile Procedure already provided, holding that
[w]hen a juvenile is taken into custody, the State is given ninety days to bring the case to trial. When that does not occur, the juvenile may file a motion for discharge. The court must then set a hearing within five days to review the factors in subsection (d). If none of them apply, the State is given a ten-day window period within which to try the case. If the State fails to bring the case to trial within those ten days, the juvenile is discharged. If one of the factors in subsection (d) is found to exist, then the State is given ninety days within which to try the case.
865 So.2d at 610. See also State v. C.E., 866 So.2d 757 (Fla. 4th DCA 2004); State v. S.C., 865 So.2d 684 (Fla. 4th DCA 2004).
Because none of the elements in subsection (d) exist in this instance, the State was entitled to the ten-day recapture period within which to try this case. Therefore, we reverse the dismissal and remand for further proceedings.
REVERSED AND REMANDED.
GUNTHER, STONE and TAYLOR, JJ, concur.